## Woodruff et al. *versus* Chambers.

Where a claim filed under the Mechanics' lien law for an amount exceeding $300 is filed against several houses, but where the claim is apportioned: the district court at Philadelphia has jurisdiction by *scire facias* as to one of the apportioned claims, below $100.

ERROR to the District Court at *Philadelphia*.

This was a *scire facias* issued from the District Court, Philadelphia, in favor of James Woodruff and Samuel Prahl, co-partners, under the firm of Woodruff & Prahl, *vs.* Andrew R. Chambers, owner, &c. and Henry C. Burtman and George and Hanna, contractors.

*Scire facias sur.*—Apportioned Mechanics' claim.

The claim as filed was for bricks furnished for and about the erection and construction of *eighteen* certain three story brick houses, in the county of Philadelphia, ten of which said houses are situated on the south side of Callowhill street, commencing at the distance of 73 feet 4 inches more or less, east of Schuylkill Second street and extending eastwardly, and eight other of said houses are situated in the rear of the above described houses, commencing at the distance of 32 feet south of Callowhill street, aforesaid, and on both sides of a certain avenue running southwardly.

The claim as filed amounted to    .    .    .    .    $382.03
The apportioned sum in the above suit was for    .    31.29
The verdict was for plaintiff, for    .    .    .    .    33.64

A motion was made by defendants in arrest of judgment, "because it appeared by the *scire facias* that the amount in controversy in the case was under one hundred dollars, and that the court had no jurisdiction."

The court arrested the judgment.

The error on which the plaintiffs rely is, that the court below erred in arresting the judgment for want of jurisdiction. It appearing by the claim filed that the amount in controversy exceeded one hundred dollars.

On the paper book *Lewis* was marked for plaintiffs; and *Clarkson* for Chambers; *Perkins* for Burtman and Hanna.

The minimum limit of the court's jurisdiction is $100; see acts of 16th June, 1836, *Dun. Dig.* 691, and act of 10th April, 1848, *Pamph. laws,* p. 449, sec. 5 & 6.

PER CURIAM.—The lien which constituted the demand was entire, and for more than the minimum limit of the court's jurisdic-

[Woodruff et al. *v.* Chambers.]

tion, though the amount apportioned to the particular building was less. The case is analagous to a covenant for payment by instalments, for each of which there is a separate *scire facias*. It is clear, therefore, that the District Court had jurisdiction.

Judgment for plaintiffs.