Williams v. Rumbough.

WM. D. WILLIAMS v. JAS. H. RUMBOUGH.

ARBITRATION. *Award. Publication.* Two arbitrators had signed their award and handed it to a clerk to copy, with intent to sign the copy and send it to the absent party. The other party, being informed as to the terms of the award, called attention to errors in it, whereupon the arbitrators refused to proceed further in the matter *Held,* there was no publication of the award

FROM GREENE.

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

H. H. INGERSOLL and A. B. WILSON for Williams.

ROBINSON & MALONEY for Rumbough.

McFARLAND, J., delivered the opinion of the court.

This suit was begun by Williams against Rumbough upon an award. The judgment of the justice of the peace before whom the suit was brought, was for the plaintiff. Upon appeal, it was tried without a jury and judgment rendered for the defendant. It appears, from the bill of exceptions, that the parties, in writing, submitted the matter in dispute between them to the arbitrament of John A. Wagoner and George E. Jones, with a stipulation that they might select an umpire. The bond also submitted matters of dispute between Rumbough and Mrs. C. D. Williams'

estate, W. D. Williams executing the bond for himself and as agent of the executor of Mrs. C. D. Williams' will.

The arbitrators met at Greeneville and made an award in writing, which they signed and delivered to W. C. Willis with directions to copy it, intending to sign the other copy and send it to Rumbough, who resided at Warm Springs, N. C. Neither of the parties were present while the arbitrators were making the award, but Williams was near by and was informed by Wagoner that an award had been made, and that he was directed to go to the store of Sevier & Co. and see it. He did so, and was very much dissatisfied, and applied to both Wagoner and Jones to reopen the matter, claiming that there were errors which he could show. It does not appear that Wagoner agreed to this proposition, but Jones did agree to hold the matter open until Wagoner, who had in the meantime left town, should come in, and expressed his willingness to correct the error, but at the same time told Williams that he would have nothing further to do with it as he did not have time. When the other copy of the award was prepared Jones refused to sign it, and the paper was turned over to Jas. A. Galbraith, and Rumbough was informed by letter from Williams, Wagoner and Galbraith, that the arbitrators had failed to settle the matter, and he was requested to agree that Galbraith might be substituted in the place of Jones, which he did. Galbraith and Wagoner met and made the second award (after submitting certain matters about which they differed to an um-

pire). Both awards were in favor of Williams, but the last one was for a larger amount. When Galbraith and Wagoner met to consider the matter the first award was produced, and was agreed between them that it was of no further use, and it is destroyed. The parties were furnished with copies of the second award, when Rumbough applied to have the matter again opened for further consideration, which was agreed to, but, failing to produce other evidence, the award was finally published.

The suit was upon this latter award, and the defense was, that at the time he agreed to submit the matters to Galbraith and Wagoner, the defendant, Rumbough, was in ignorance of the fact that Wagoner and Jones had made the first award. It is assumed that the first award was perfect and complete, and was duly published, and was a final settlement of the matter, and the arbitrators, Jones and Wagoner, had no power to reopen the matter, and that a subsequent submission in ignorance of that fact, and an award in pursuance thereof, would not be obligatory upon Rumbough.

It is no doubt true that when arbitrators have made and delivered or published their award as a completed instrument their power over the matter is at an end, they cannot reopen or reconsider it. Moore on Arbitration and Award, p. 226. It is also true that it is in general unnecessary, in order to complete the award and make it final, that each party should be furnished with a copy, unless this is expressly stipulated in the submission. The question whether the

Williams *v.* Rumbough.

matter has passed beyond the control of the arbitrators depends upon whether they had completed their award in accordance with their purpose as to the manner of publication or delivery. In other words, if they agreed to make out and sign two coppies, one for each party, and, before this is accomplished and before either copy is delivered, either arbitrator refuses to go further or sign the second copy upon the ground that he is not satisfied with its correctness, then it has not passed beyond their control, and is not complete and irrevocable. Such we regard this case.

When, therefore, Rumbough was informed that the first arbitrators had not settled the matter, the information was correct. Although he was not informed as to what had actually occurred, the failure to inform him was not such a fraud as to vitiate the second submission and award, especially when the defense is made as it is here presented. The first award was not so complete as to enable Williams to enforce it, and his only remedy is upon the award sued upon.

The judgment will be reversed, and judgment rendered in favor of the plaintiff for the amount awarded him, $254.05. The justice rendered judgment for $419.85, but part of this sum, $165.80, was awarded to the estate of Mrs. C. D. Williams, and the plaintiff does not show any right to recover this sum.

Judgment reversed and judgment for plaintiff.

McFARLAND, J.: The petition to rehear should be dismissed. The foregoing is not in conflict with the case of *Butler* v. *Boyles*, 10 Hum., 156. We do

39—VOL. 5.

not doubt. the correctness of the general propositions insisted upon, but upon the facts of this case we are of opinion that the first award was not so complete as to place it beyond the power of the arbitrators to correct errors, at the time one of the arbitrators declined to go further with the matter.

Petition dismissed.