546 A.2d 690

**David GOELLER, Appellee,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 27, 1988.

Filed Aug. 23, 1988.

Lawrence L. Robinson, Philadelphia, for appellant.

Eileen M. McGuire, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

This appeal was filed following the entry of the trial court order which vacated the Award of Arbitrators dated July 28, 1987 and stated that a new Panel of Arbitrators shall be convened to address the Appellee's uninsured motorist claim. Based on the scope of review provided for this action under the provisions of Statutory Arbitration, 42 Pa.C.S.A. § 7301, we reverse.

The relevant facts of this case are as follows: The Appellee/Plaintiff filed an uninsured motorist claim against the Appellant/Defendant in regard to an automobile accident. Pursuant to the arbitration clause of the parties' insurance contract, an Arbitration Panel was assembled and presided over a hearing on September 12 and 25, 1986. The Panel of three arbitrators rendered a decision with the majority deciding in favor of the Appellant. The decision was stated in a letter from the Panel's neutral arbitrator (Ettinger). The letter contained the following statement of award:

The Arbitrators find as follows:

Robert J. Coleman and Leonard L. Ettinger find for the Defendant, Liberty Mutual Insurance Co.

Mitchell Greenspan dissents. He finds for the Plaintiff, David Goeller.

This letter was signed by Ettinger, and a copy was sent to the attorneys for both parties and to the other two members of the Arbitration Panel. The letter was filed with the Prothonotary of Philadelphia County the following day.

The next day, Arbitrator Greenspan sent a letter to Ettinger expressing his dissatisfaction with the statement of award. He stated that his listed vote was incorrect and that he was not consulted prior to the vote. He alleged misconduct by the arbitrators who authored the decision as he felt that they had discussed the case outside his presence. Finally, Greenspan requested that the Panel immediately void the letter and withdraw as Arbitrators. Four days later, Ettinger wrote in response that he was with-

drawing his award and also withdrawing from the Arbitration Panel.

On August 7, 1987, the Appellant filed a Petition to Confirm Award of Arbitrators. On August 24, 1987, the Appellee filed an Answer and New Matter to Petition to Confirm Award of Arbitrators and a Petition to Convene a New Arbitration Panel. Finally, on November 20, 1987, the trial court issued a Memorandum and Order which vacated the July 28 award of the arbitrators and ordered that the parties convene a new arbitration panel to re-try this case. From this order the Appellant appeals. We reverse.

The scope of review of arbitration awards is of major importance in this case. The insurance contract in question states that "Arbitration shall be conducted in accordance with the Pennsylvania Arbitration Act of 1927" (now amended by the Uniform Arbitration Act of 1980). Section 501(b) of Act 1980, Oct. 5. P.L. 693, No. 142, is found in the historical section of 42 Pa.C.S.A. § 7302 and states:

> The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:
>
> ... (2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.

See *Ostroff v. Keystone Insurance Company,* 357 Pa.Super. 109, 515 A.2d 584 (1986). Thus, the statutory standard of review applies in this case as the parties' insurance contract expressly adopts the 1927 Act. This standard of review is set forth at 42 Pa.C.S. § 7302(d)(2) which provides:

> (2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

612

Under statutory arbitration, there also exists five specific situations in which a court may vacate an arbitrators' award. The general rule is found at 42 Pa.C.S.A. § 7314(a)(1) which states:

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

■ The Appellant's first contention is that the Appellee failed to prove by clear, precise and indubitable evidence that the arbitration award was the product of fraud, misconduct or other grave irregularity. Upon careful review of this issue, we find that the Appellee did not present any evidence to manifest misconduct or fraud by the arbitration panel. Thus, the trial court was unwarranted in vacating the arbitrators' award on the basis of misconduct or any other ground.

In *Reinhart v. State Automobile Ins. Assoc.*, 242 Pa.Super. 18, 363 A.2d 1138 (1976), this court set forth a test to determine the sufficiency of evidence in overturning an arbitration award. The *Reinhart* court stated that, "the

petitioner must show by clear, precise, and indubitable evidence that he was denied a hearing, or that fraud, misconduct, or other irregularity caused the entry of an unjust, inequitable, or unconscionable award." 363 A.2d at 1140. The above court further stated that such proof may be accomplished by "affidavits, depositions or otherwise," and that every presumption favors the validity of the arbitration award. *Id.* at 1141.

In the instant case, the trial court lacked such clear and indubitable evidence. The trial court relied upon 42 Pa.C. S.A. § 7314(a)(1)(ii) and (iii) as a basis for vacating the panel's award. However, the Appellee failed to introduce evidence of the arbitrators' alleged misconduct. The main evidence relied upon by the Appellee was the above two letters of correspondence between the involved arbitrators. The July 29 letter from Greenspan to Ettinger insinuated the latter's misconduct, but it did so in an ambiguous manner. The letter did not contain clear accusations, let alone unquestionable evidence of the arbitrators' misconduct. No evidence exists to manifest that all arbitrators were not present at the arbitration hearing or that any arbitrator was precluded from deliberating. In short, the trial court erred in finding the arbitration award to be the product of fraud or misconduct as the Appellee failed to meet his burden of proof.

■ We next address the Appellant's contention that the neutral arbitrator (Ettinger) lacked the power to withdraw the award of the arbitration panel. In order to resolve this issue, we must determine whether the arbitrators issued a final award in this matter. If the letter of July 28 constituted a final award, then Ettinger did not possess the power to withdraw the award. The only way a final arbitration award can be vacated or modified, is if either party submits an application to the trial court and the court grants the application. See 42 Pa.C.S.A. §§ 7314, 7315.

In regard to arbitration awards, 42 Pa.C.S.A. § 7310(a) states:

(a) General rule—The award of the arbitrators shall be in writing and signed by the arbitrators joining in the award. The arbitrators shall deliver a copy of the award to each party personally or by registered or certified mail, or as prescribed in the agreement to arbitrate.

Furthermore, 42 Pa.C.S.A. § 7307(a)(5) states that:

The hearing shall be conducted by all the arbitrators but a majority may determine any issue and render a final award. If, during the course of the hearing, an arbitrator for any reason ceases to act, the remaining arbitrator or arbitrators appointed to act as neutrals may continue with the hearing and determine the controversy.

In *Obdyke v. Harleysville Mutual Ins. Co.*, 299 Pa.Super. 298, 445 A.2d 763, 765 (1982), affirmed 500 Pa. 107, 454 A.2d 984, the court held that "a decision agreed to by two of the three arbitrators is as binding-has the same effect-as a decision agreed to by all three arbitrators."

Based on the above statutory and case law authority, we find that the July 28 letter constituted a binding and final award by the arbitration panel; therefore, Ettinger lacked authority to withdraw this award. The letter constituting the final award conformed very closely to the relevant statutory authority. The award of a majority of the arbitration panel (two) is legally binding on the parties unless the agreement states otherwise. In the parties' insurance contract, the arbitration section expressly states, "A decision agreed to by two of the arbitrators will be binding." Although the other member of the panel majority, Coleman, did not sign the award letter, his concurrence in the award has never been challenged. Finally, the letter rendering the award was sent to both parties the day after it was written and signed.

Thus, we find that the instant arbitration award is binding on the involved parties, and that the trial court erred in vacating the award. We note that the arbitration process is an vital part of our legal system, and its integrity should not be jeopardized by giving the arbitrators' personal disputes precedence over otherwise valid awards. The arbitra-

tion process is a valuable alternative to litigation, and a strong presumption exists in favor of an arbitration panel's final award.

ORDER REVERSED.