568 A.2d 176

**David GOELLER, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE CO., Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1989.

Decided Jan. 4, 1990.

Ronald A. Blumfield, Philadelphia, for appellant.

Lawrence L. Robinson, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This is an appeal from an order of the Superior Court which reversed an order of the Court of Common Pleas of Philadelphia County. The latter order denied appellee's petition to confirm a decision of a panel of arbitrators. It also mandated the convention of a new panel and re-hearing of appellant's claim under the uninsured motorist provision of an insurance policy. The facts and procedural history of the case are set forth below.

Appellant was injured in an automobile mishap in Connecticut while removing the driver from an overturned automobile. Involved in the accident were two other drivers, one of whom was allegedly uninsured. He entered a claim against appellee, the carrier of his employer's insurance policy, for coverage under an uninsured motorist provision which appellee disputed. The contract provided that disputes would be resolved by arbitration conducted in accordance with the Pennsylvania Arbitration Act of 1927.[1]

A panel of three arbitrators was assembled, as provided in the agreement, and presided over hearings on September 12 and 25, 1986. On July 28, 1987, the neutral arbitrator mailed a letter to the attorneys of the parties and each of the other panel members. It stated simply to the effect that appellee's arbitrator and the neutral arbitrator found for appellee and that appellant's arbitrator dissented and found for appellant. The neutral arbitrator's was the solitary signature to the letter. The following day, the letter was filed with the Prothonotary.

Also on the following day, appellant's arbitrator by certified mail, responded with a letter to the neutral arbitrator. In it he made a number of complaints. He stated that he had not agreed to the letter nor had he been consulted. He maintained in effect that the letter misrepresented his opinion. Regarding the deliberations of the panel members, he went on to express shock on learning that the other arbitrators had discussed the case out of his presence. In summary he stated that the letter was absolutely incorrect. He suggested further that the panel withdraw their purported findings and withdraw as the arbitrators in order to allow another panel to take over the matter. He sent courtesy copies to the other addressees of the neutral arbitrator's letter. On August 3, 1987, the neutral arbitrator responded by letter. Its entire text stated, "Because of (sic) you have

1. Act of April 25, 1927, P.L. 381, No. 248. The Act was substantially amended by the Act of October 5, 1980, P.L. 693 No. 142. Section 501(a) of the latter provides that it is applicable to non-judicial arbitration agreements expressly providing for arbitration pursuant to the provisions of the former. *See* 42 Pa.C.S.A. § 7302, Historical Note.

impugned my integrity, I am withdrawing my award and I am withdrawing from the panel of arbitrators in this case."

On August 7, 1987, appellee filed a petition to confirm the award. On August 24, 1987, appellant answered, and filed new matter, petitioning, *inter alia*, for an order to convene a new arbitration panel. The court found adequate grounds to conclude that all of the panel members had not participated in the deliberations and that the award was not final in nature. The court therefore denied appellee's petition to confirm the award and ordered the parties to convene a new arbitration panel to try the case.

On appeal, the Superior Court reversed, determining that the lower court erred in its resolution of both the question of whether the panel had issued a final award and that of whether the award was the product of misconduct or other gross irregularity. *Goeller v. Liberty Mutual Insurance Co.*, 376 Pa.Super. 608, 546 A.2d 690 (1988). Appellant petitioned this Court and we granted leave to appeal in order to review the Superior Court's determinations.

With respect to appellant's first contention, he asserts, in reliance on the Uniform Arbitration Act, that there was no final award by the arbitrators. The Act states in appropriate part:

Award of Arbitrators

General Rule—The award of the arbitrators shall be in writing and *signed by the arbitrators joining in the award.* The arbitrators shall deliver a copy of the award to each party personally or by registered or certified mail or as prescribed in the agreement to arbitrate.

42 Pa.C.S. § 7310(a) (emphasis added). In reply, appellee argues that the neutral arbitrator was without the power to withdraw the award of the arbitrators after it had been issued. We are impressed that the latter argument is non-responsive to the issue raised: whether there was an award in the first instance. We conclude that there was not.

First we note that this arbitration, as agreed by the parties, was to be regulated by the provisions of the Act.

The reviewing court is bound to construe the words of the Act according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1901. The object of the Court's interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a), (b). The word "shall," in the section relied on by appellant, is clearly mandatory in effect. *James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975). But it is manifest that a purported award signed by no more than one of the three members of the panel, as herein, does not comply with the plain wording of the Act. 42 Pa.C.S. § 7310(a), *supra,* by which the parties herein agreed to be bound. The purported award in this case, in failing the formal statutory requirement, failed the requirement of their agreement as well. The "award" was a nullity.

■ Furthermore we are persuaded that there was no award in this case for another, more substantive, reason. This Court long ago voiced the principle that, "The opportunity to deliberate, and, if possible, to convince their fellows is the right of the minority, of which they cannot be deprived by the arbitrary will of the majority." *Commonwealth ex rel. Maurer v. Burns,* 365 Pa. 596, 76 A.2d 383 (1950); *quoting Commonwealth ex rel. Claghorn v. Cullen,* 13 Pa. 132 (1850). In *Maurer* this Court declared invalid an appointment to the Board of Revision of Taxes made by fifteen of the twenty judges of a court of common pleas as violative of the principle. In *Claghorn* we did likewise in the case of a putative corporate act and for the same reason. We today hold that the principle is as applicable to the decision of a panel of arbitrators as in the instances cited and as a prerequisite to an award for which the parties bargained.

The record indicates, and it is not disputed, that one of the members of the panel in this case was denied his opportunity to deliberate. When an arbitrator, properly appointed and entitled to act, is denied access to the deliberations of the other arbitrators, their decision is not a deci-

sion. It matters not whose arbitrator he or she may be. What is important is that all viewpoints must at least be heard. Each must be entitled to the opportunity to persuade the others, be permitted to dissent and to maintain his voice in the decision. It is manifest that that principle was violated in this case. *Claghorn.*

We recognize, as the Superior Court admonishes, that a strong presumption exists in favor of an arbitration panel's final award. *Goeller,* 376 Pa.Super. at 615, 546 A.2d at 693. However, before the award is paid such deference by the courts it must come into existence as a corporate act of the panel. For the reasons set forth above, we conclude that in this case it did not.

Furthermore, the mandate of the trial court, that a new panel be convened and the matter retried, is necessary to afford the parties no less than that to which they agreed, an award by an arbitration panel.

Since we resolve appellant's first contention as we do, it is not necessary to pierce the veil of the panel's deliberations and pass on whether the award was a product of misconduct or other grave irregularity in terms of the Act. 42 Pa.C.S. § 7314(a)(1)(ii).

The order of the Superior Court is reversed. The order of the Court of Common Pleas of Philadelphia County is reinstated.