## Bruce v. Allstate Insurance Co.

*Bernard L. Kubert,* for plaintiff.

*Lawrence F. Coyne, for defendant.*

D'ALLESSANDRO, *J.,* February 11, 1991 — This opinion is written in support of this court's order dated October 11, 1990, dismissing plaintiff's motion to vacate, set aside and/or modify an arbitration award. For the reasons stated herein, the petition to vacate is dismissed.

On September 20, 1986, petitioner, Bernard Bruce, was injured in an automobile accident with an uninsured motorist. Petitioner's automobile was covered by a policy issued by respondent, Allstate Insurance Company, which provided petitioner with uninsured motorist coverage in accordance with Pennsylvania's Uninsured Motorist Act, 40 P.S. §2000 et seq. On March 5, 1990, unable to resolve the dispute, the parties arbitrated the matter before petitioner's arbitrator, Michael DeFino, Esq.; respondent's arbitrator, Kenneth Taylor, Esq.; and the neutral arbitrator, Paul J. Cody, Esq. On March 7, 1990, the neutral arbitrator sent a letter to all counsel which stated:

"Gentlemen:

"In the above matter the undersigned and Kenneth W. Taylor, Esquire find in favor of Bernard M. Bruce and against Allstate Insurance Company in the amount of $16,000.

"Michael A. DeFino dissents with respect to the amount of the award.

"Very truly yours,

"Paul J. Cody"

On June 4, 1990, the neutral arbitrator forwarded a decision and award signed by all three arbitrators.

Petitioner now moves this court to vacate the arbitration award.

Petitioner argues that the March 7, 1990 correspondence is a complete nullity pursuant to 42 P.S. §7310. That statute states, in pertinent part:

"(a) *General rule* — The award of the arbitrators shall be in writing and signed by the arbitrators joining in the award. The arbitrators shall deliver a copy of the award to each party personally or registered or certified mail, or as prescribed in the agreement to arbitrate."

Petitioner alleges that because the March 7, 1990 correspondence was only signed by the neutral arbitrator, the award is a nullity and thus cannot be reinstated by the otherwise valid June 4, 1990 award.

It is well settled in this state that there is a strong presumption in favor of an arbitration panel's final award. *Goeller v. Liberty Mutual Insurance Co.,* 376 Pa. Super. 608, 615, 546 A.2d 690, 693 (1988). In fact, pursuant to 42 Pa.C.S. §7314, the court shall vacate an award only where:

"(i) the court would vacate the award under section 7341 (relating to common-law arbitration) if this subchapter were not applicable:

"(ii) There was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party:

"(iii) The arbitrators exceeded their powers;

"(iv) The arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the provisions of section 7307, as to prejudice substantially the rights of a party; or

"(v) There was no agreement to arbitrate and the issue of the existence of and agreement to arbitrate

was not adversely determined in proceedings under section 7304 and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.''

In addition to vacating the arbitrator's award, this court can also modify the award, pursuant to 42 Pa.C.S. §7715, where:

''(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

''(2) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

''(3) the award is deficient in a matter of form, not affecting the merits of the controversy.''

Even with these rigid statutory and common-law standards in mind, petitioner argues that the arbitrator's award should be vacated in accordance with *Goeller v. Liberty Mutual Insurance Co.,* 523 Pa. 541, 568 A.2d 176 (1990). In *Goeller,* the Pennsylvania Supreme Court held that a purported arbitration award signed by only one arbitrator was a complete nullity, and a new arbitration was ordered.

This court, however, does not agree with petitioner's arguments. There are distinct factual differences from the instant case and *Goeller.* In *Goeller,* one of the arbitrators was denied his opportunity to deliberate. This obvious impropriety was the primary reason the arbitrator's award was vacated.

In this case, there is no such impropriety. All arbitrators entered into the deliberations, even though one dissented with the result. There was no fraud, misconduct, corruption or other irregularity which would justify our vacating the award. In this case, the situation simply involved correspondence which was sent by the neutral arbitrator, to all

counsel, but was not signed by the other arbitrators. This does not make the June 4, 1990 award a nullity pursuant to 42 P.S. §7310.

Because all arbitrators were given the opportunity to present their case, and no impropriety such as those set forth in 42 Pa.C.S. §7314 occurred, this court will not vacate the arbitration award.