Submitted on appellants' motion for reconsideration filed November 21, 1995, reconsideration allowed; previous decision (137 Or App 438, 904 P2d 1094 (1995)) adhered to February 14, petition for review denied April 30, 1996 (323 Or 153)

Mildred C. TENDERELLA
and Fred Tenderella,
*Appellants,*

*v.*

KAISER PERMANENTE
and Dr. Ian MacMillan,
*Respondents.*

(94-06226; CA A87175)

911 P2d 360

Alfredo Wheelock, for the motion.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs move for reconsideration of our previous decision, in which we affirmed this case without opinion. *Tenderella v. Kaiser Permanente*, 137 Or App 438, 904 P2d 1094 (1995). We grant the motion in order to respond to their argument on reconsideration and adhere to our previous decision.

Plaintiffs brought a claim for medical malpractice against defendants. The claim was arbitrated pursuant to an agreement between the parties. Under the applicable agreement, each side chose one arbitrator, who together chose the third, neutral arbitrator. After an extensive hearing, the arbitrators decided in favor of defendants by a 2-1 vote. In November 1992, the neutral arbitrator announced the decision in a letter to the parties; he alone signed the letter, providing copies to the other two arbitrators. At the request of plaintiffs' counsel, the majority arbitrators adopted additional findings and conclusions in December 1992. Again, only the neutral arbitrator signed those additional findings, although he provided copies to the others.

Neither the arbitrators nor the parties filed the award with the circuit court before April 1994. In that month, plaintiffs filed exceptions to the arbitration award with the circuit court pursuant to ORS 36.355, but did not file the award itself. The court dismissed the exceptions without prejudice on the ground that, because no party had filed the award, there was nothing before the court. In August, plaintiffs filed both the award and their exceptions. In those exceptions they argued, among other things, that there was no valid award because only one arbitrator had signed it. Defendants filed their opposition to plaintiffs' exceptions, including an affidavit from the other majority arbitrator in which he stated that the award reflected his decision. The arbitrator signed copies of the award and attached them to his affidavit that was also before the trial court.

The court denied plaintiffs' exceptions to the award and entered judgment with prejudice in defendants' favor in December 1994. Plaintiffs appealed, asserting that the awards were void or voidable on a number of grounds. In

March 1995, while the case was on appeal, defendants formally filed the awards with both arbitrators' signatures. After oral argument, we affirmed the trial court's decision without opinion.

■ In their motion for reconsideration, plaintiffs suggest that we are confused about which set of documents was the basis for the trial court's judgment. They argue that the trial court could not have based its judgment on the 1992 documents, which lacked both arbitrators' signatures, and that judgment on the 1994 documents could not be had because those documents had not been officially "filed" before the judgment. As a result, they say, the judgment does not comply with ORS 36.350, which provides that a copy of the award "signed by the arbitrators, or a majority of them, shall be filed with the clerk [of the court]." Plaintiffs conclude that the failure of a majority of the arbitrators to sign the award constitutes a fatal defect that renders the award invalid.

Plaintiffs rely on *Goeller v. Liberty Mut. Ins. Co.*, 523 Pa 541, 568 A2d 176 (1990), in which the Pennsylvania Supreme Court, construing a statute that is similar to ORS 36.350, stated that the failure of the majority of the arbitrators to sign a purported award meant that they had not in fact made an award.[1] Assuming that we would agree with the Pennsylvania court's reasoning under ORS 36.350, *but see Va. Beach Realtors v. Hogan, Inc.*, 224 Va 659, 299 SE2d 360 (1983) (under common law arbitration, signature by the chair of panel is sufficient), reversal is not required under the circumstances of this case. Here, there is no question that the arbitrators held a hearing, considered the evidence, and reached a decision. There is no question that the 1992 letters accurately state their decision. Neither the statute nor, so far as we are aware, the arbitation agreement establishes any time period within which the arbitrators must make their decision. Plaintiffs, in fact, knew what the decision was shortly after the arbitrators reached it; any delay in executing a formal award has not prejudiced them.

---

[1] In *Goeller*, the majority arbitrators had conferred outside of the presence of the minority. The court treated the failure to allow full participation of all arbitrators as a more fundamental defect in the award than the missing signature.

■     ORS 36.355(1) lists the grounds for exceptions to an arbitration award. The only ground that is relevant on reconsideration is ORS 36.355(1)(g): that the award was imperfect in matter of form not affecting the merits of the controversy.[2] Even if that exception is well taken, and even if the trial court were to decide that it should vacate or modify the award on that basis, it has the authority to refer the cause back to the arbitrators with instructions to sign formally the award. ORS 36.360. The arbitrators, however, have already corrected the award by their affidavits to the court in response to plaintiffs' exceptions. That correction was before the court (even assuming that it was not formally "filed") when it ruled on the exceptions. There is, thus, no purpose in a remand to correct a technical error that has already been corrected. Whether the trial court based its ruling on the 1992 documents or on the 1994 documents does not affect our decision; the record shows that the arbitrators have made a proper award and that the award supports the trial court's judgment.[3]

Reconsideration allowed; previous decision adhered to.

---

[2] To the extent that plaintiffs may intend to reassert on reconsideration the other grounds that they raised in their briefs, we continue to reject those grounds without discussion.

[3] In reaching this conclusion, we do not rely on defendants' attempted filing of the 1994 documents in March 1995. That event occurred after jurisdiction of the case had transferred to us. ORS 19.033(1).