IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, April 9, 2007

**DONNA FUNK v. TARGET NATIONAL BANK/TARGET VISA**

**Direct Appeal from the Circuit Court for Knox County**
**No. C-06-321306    Hon. Wheeler Rosenbalm, Circuit Judge**

**No. E2006-02010-COA-R3-CV  - FILED MAY 30, 2007**

In this suit on a credit card debt, the Trial Court granted plaintiff summary judgment on the amount claimed.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Donna Funk, Knoxville, Tennessee, *pro se*.

Nicholas H. Adler, Nashville, Tennessee, for appellee.

**OPINION**

Plaintiff issued a credit card account to defendant, and according to the monthly billing statements, defendant used the account to make purchases and eventually generated an outstanding balance of $12,596.45.  Plaintiff brought this action on a sworn account in the General Sessions Court of Knox County, which entered a Judgment in plaintiff's favor, and defendant appealed to the Circuit Court.

In Circuit Court defendant filed a Motion for Summary Judgment, which argued that the "North American Dispute Resolution Commission" entered an arbitration award against plaintiff, awarding defendant  $11,700.00.  The Motion requested a judgment confirming the arbitration award. Plaintiff filed a Response arguing that the alleged arbitration award was invalid and the

Parties had no agreement to arbitrate. Further that there was no proof that plaintiff was indebted to the defendant. Plaintiff attached to its Response a copy of the "Credit Card Agreement–Target Visa Card" (the "Credit Agreement"). The Credit Agreement contains no arbitration provision.

Plaintiff also filed a Motion for Summary Judgment, arguing that defendant's arbitration award was invalid and that plaintiff was entitled to $12,596.45 as a matter of law. Defendant filed no response to plaintiff's Motion for Summary Judgment, and the Circuit Court granted plaintiff's Motion for Summary Judgment and entered a Judgment on behalf of plaintiff against defendant in the amount of $12,596.45. Defendant has appealed to this Court.

The standard of review of a summary judgment determination is *de novo* without any presumption of correctness accorded the trial court's judgment." *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

The moving party must do more than make conclusory assertions "that the nonmoving party has no evidence." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Instead, the moving party must either "affirmatively negate an essential element of the nonmoving party's claim" or "conclusively establish an affirmative defense that defeats the nonmoving party's claim." *Id.* at 215 n.5. Only when the moving party has made such a properly supported motion does the burden shift to the nonmoving party. At that point the nonmoving party may not simply rely upon "the allegations or denials of his pleadings," but must establish the existence of genuine disputed issues of material fact.

Defendant's theory of the case is that this dispute was previously decided in an arbitration proceeding in which an award of $11,700.00 was allegedly entered in defendant's favor.

The purported arbitration award is void because it is not signed by an arbitrator, as required by the Uniform Arbitration Act. The Act provides, "The award shall be in writing and signed by the arbitrators joining in the award." T.C.A. § 29–5–309 (2000). Although the acknowledgment and certificate of service includes the signature of an "administrator," the award itself has no signatures. An arbitration award lacking the signatures of the arbitrators is not enforceable. *See Williams v. Rumbough*, 73 Tenn. 606, 608–09 (1880); *see also Duchscher v. Vaile*, 887 P.2d 181, 184 (Mont. 1994) (interpreting statutory language identical to that in T.C.A. § 29–5–309 and holding that a final arbitration award does not exist until the arbiter signs it); *Goeller v. Liberty Mut. Ins. Co.*, 568 A.2d 176, 544–45 (Pa. 1990) (also interpreting identical statutory language and holding that an arbitration award without the appropriate arbiters' signatures is void).

However, defendant argues that plaintiff's application to vacate the award was not timely, since an application to vacate an arbitration award "shall be made within ninety (90) days after delivery of a copy of the award to the applicant . . . ." T.C.A. § 29–5–313(b) (2000). This argument assumes the document mailed to plaintiff was an "award" as contemplated by the Uniform Arbitration Act. However, the purported award, not having been signed, is not an "award" as

contemplated by T.C.A. § 29–5–309.  Accordingly, no "award" was ever delivered to plaintiff for purposes of T.C.A. § 29–5–313(b).  The Trial Court correctly denied defendant's Motion for Summary Judgment.

Plaintiff's Motion for Summary Judgment and supporting documents entitled plaintiff to a judgment as a matter of law as to its complaint on a sworn account.[1]  Plaintiff's Statement of Undisputed Facts asserted that defendant used the credit card account to purchase goods and services, received monthly statements from plaintiff describing the amounts due, failed to make timely payments, left an unpaid principal balance in the amount of $12,596.45, did not respond to plaintiff's Motion for Summary Judgment, and failed to satisfy the requirements of Tenn. R. Civ. P. 56.[2]

Plaintiff buttresses it's Motion by filing copies of defendant's monthly statements of

---

[1]Such actions are pursuant to T.C.A. § 24–5–107 which states,

> (a) An account on which action is brought, coming from another state or another county of this state, or from the county where suit is brought, with the affidavit of the plaintiff or its agent to its correctness, and the certificate of a state commissioner annexed thereto, or the certificate of a notary public with such notary public's official seal annexed thereto, or the certificate of a judge of the court of general sessions, with the certificate of the county clerk that such judge is an acting judge within the county, is conclusive against the party sought to be charged, unless that party on oath denies the account or except as allowed under subsection (b).

> (b) The court shall allow the defendant orally to deny the account under oath and assert any defense or objection the defendant may have.  Upon such denial, on the plaintiff's motion, or in the interest of justice, the judge shall continue the action to a date certain for trial.

T.C.A. § 24–5–107 (2000).  "The reason and policy of this act are said to be to furnish an easy and ready means of collecting accounts when no real defense exists, unless it shall be denied on oath, and the plaintiff thereby notified to make proof."  *Foster v. Scott County*, 65 S.W. 22, 23 (Tenn. 1901) (discussing a predecessor of T.C.A. § 24–5–107).

[2]"Any party opposing the motion for summary judgment must . . . serve and file a response to each fact set forth by the movant . . . .  Each disputed fact must be supported by specific citation to the record."  Tenn. R. Civ. P. 56.03 (2005).  "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Tenn. R. Civ. P. 56.06 (2005).

account, and the affidavit of its agent certifying the accuracy of the monthly statements.  From this record we conclude that the Circuit Court did not err in granting plaintiff summary judgment, and we affirm the Judgment of the Trial Court.

The cause is remanded, with the cost of the appeal assessed to Donna Funk.

_____
HERSCHEL PICKENS FRANKS, P.J.