Beecher M. Hartley and Charles W. Hartley *v.* H. Grant Henderson and C. W. Posey, Appellants.

*Arbitration—Conclusiveness of award—Partnership.*

While in some instances the action of an arbitrator in correcting a clear error appearing on the face of his finding has been sustained, the general rule undoubtedly is that, having once completely exercised his authority

by making his award, an arbitrator's power is at an end. He cannot correct mistakes in his award, or alter it to conform to his changed views.

Where under partnership articles it is provided that in the settlement of the partnership accounts the award of an expert accountant shall be final and conclusive, the accountant cannot, after he has prepared and delivered an award in writing to the parties, make a second award for the purpose of correcting a mistake in the first award, which was caused by his having entered twice under different headings the same item of credit.

Argued Nov. 14, 1898. Appeal, No. 166, Oct. T., 1898, by defendants, from judgment of C. P. No. 1, Allegheny Co., March Term 1896, No. 281, on verdict for plaintiffs. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Issue to determine the validity of a judgment. Before COLLIER, J.

From the record it appeared that the judgment had been entered on a bond given by defendants to secure the compliance on the part of H. Grant Henderson with the terms of an agreement between him and plaintiffs for the settlement of the partnership account. The agreement provided that the award of an expert accountant should be conclusive. The accountant after examining the books and accounts prepared and delivered an award in writing to the parties. Subsequently, upon the plaintiffs calling his attention to an error, he prepared a second award, which was as follows:

FINAL SUMMARY.

"PITTSBURG, PA., January 20th, 1896.

"MESSRS. HARTLEY & HENDERSON,

"Allegheny, Pa.

"Gentlemen: The supplement herewith submitted has been necessitated on account of omission in not heretofore, or prior o the final closing of Chestnut street books, taking account of the loss of the following book accounts, viz:

Book accounts, per appraisers' inventory . $9,662.33
Also the Sandusky street account of Hartley &
Henderson for . . . . . . 2,904.86

"The profit and loss account having been closed, the same are now charged off to Capital Stock Account, direct and fully

detailed, per adjustment entry made on Journal 'C' 1, page 31, to which I refer you for further particulars.

"W. W. EDGAR,
"Auditor."

## SUPPLEMENT.

(Covering revision of previous issue.)

Hartley & Henderson, Asset and Liability Statement, Chestnut
street office.

### Assets—July 31, 1895.

| | | |
|---|---|---|
| Cash balance on hand . . . . . $ | 545 | 30 |
| Horse account. Two lead horses . . . | 200 | 00 |
| Floats and flats, per appraisers' inventory . . . . . . . . | 12,298 | 47 |

Coal account, per appraisers' inventory:

| | | |
|---|---|---|
| Coal . . . . . . . $1,288 51 | | |
| Feed . . . . . . 207 38 | | |
| | 1,493 | 79 |

| | | |
|---|---|---|
| Book accounts due as per Schedule "A" . . . . . $19,713 70 | | |
| Less amount S. S. Branch—account H. & H. . . . . 2,904.86 | | |
| | 16,808 | 84 |
| | $31,346 | 40 |

### Liabilities—July 31, 1895.

| | | |
|---|---|---|
| Book accounts due others per Schedule "C" | $16,230 | 10 |
| Bills payable outstanding notes per Schedule "C" . . . . . . . . . | 10,051 | 04 |
| B. M. Hartley, one third capital stock, or present worth this date . . . . . | 1,688 | 42 |
| C. W. Hartley, one third capital stock, or present worth this date . . . . . | 1,688 | 42 |
| H. G. Henderson, one third capital stock, or present worth this date . . . . . | 1,688 | 42 |
| | $31,346 | 40 |

#### FINAL SUMMARY.

Mr. H. G. Henderson's indebtedness to the firm of Messrs. Hartley & Henderson is composed of the following items:

Cash account (Sandusky St. Branch) $4,375 31
Personal account (Sandusky St.
   Branch) . . . . . 2,202 82
Personal account (Chestnut St.
   Branch) . . . . . 2,388 71
                                           $8,966 84

Credit.

By amount due H. G. Henderson
  per capital stock Chestnut street
  books, . . . . . $1,688 42
Per capital stock Sandusky street books, 1,212 42
                                           $2,900 84

Per account indebtedness due firm of Hartley
  & Henderson by Mr. H. G. Henderson    $6,066 00

At the trial, plaintiffs offered in evidence the above (second) award.

Defendants objected to the offer as incompetent and irrelevant, on the ground that there is no award under the plaintiffs' testimony, and that the offer is not even evidence of the award.

The Court: Objection overruled and bill sealed for defendants. [1]

Defendants' point and the answer thereto were as follows:

The court is respectfully requested to charge that under the evidence the verdict must be for defendants. *Answer:* Refused. [2]

Verdict and judgment for plaintiffs for $5,625. Defendants appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) above instruction, quoting it.

*G. N. Chalfant*, for appellants.—Arbitrators exhaust their powers when they make a final determination on the matter submitted to them. They have no power after having made an award to alter it. The authority conferred upon them is at an end: Morse on Arbitration and Award, 226; Bayne v. Morris, 1 Wallace, 99; 6 Waite's Actions and Defenses, p. 536; Russell on Arbitration, 141; Clement v. Rohrabach, 15 Pa. 116; Robinson-Rea Mfg. Co. v. Mellon, 139 Pa. 257; Hamilton v. Hart, 125 Pa. 142; Doke v. James, 4 N. Y. (Comstock) 568.

*Willis F. McCook*, with him *D. R. Jones*, for appellees.—We contend that the correction made by the referee in this case is within the language used by this Court per Judge PAXSON in the case of Robinson-Rea Co. v. Mellon, 139 Pa. 257, as follows: " The arbitrator would perhaps be entitled to correct a clerical or other error appearing upon the face of the award," and that the correction is exactly within the language of this Court in Heslop v. Bush, 80 Pa. 70.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The judgment in this case was entered on a bond given by the defendant to secure his compliance with the terms of an agreement entered into between him and the plaintiff for the settlement of the accounts of a partnership of which they were members. The agreement provided for the selection by the parties of an expert accountant to examine all of the partnership books and accounts, and it bound each partner to pay to the other whatever amount should be found by the accountant to be owing. The accountant selected made a thorough examination of the books and accounts of the partnership, and prepared and delivered to the parties a report in writing in which the indebtedness of the defendant was fixed at $1,810.28. A week or more after the delivery of this report one of the plaintiffs and his bookkeeper had an interview with the accountant and pointed out to him what they alleged to be an error in the amount of the award, due to his having entered twice under different headings the same item of credit. The accountant re-examined some of the books and accounts, and discovered the error mentioned. He then prepared and delivered to the parties a second report, by which it appeared that the defendant owed the partnership $6,066. The proceeding under review was to enforce the second award, and one of the grounds of defense, and the only one which need be considered, was that the award was invalid.

The exact character of the error, and how it occurred, does not appear from the testimony. The business of the partnership was large, and it was conducted in more than one place. The accounts were so complicated that the accountant was engaged six months in adjusting them. In bringing the accounts of the different branches of the business together into

one statement he overlooked the duplication of credits. The correction which he made was not of an error in addition or in writing down the result of his examination of the books. No error appeared on the face of the report. To ascertain whether one existed it was necessary for him to examine again the books and accounts: This he did, and being satisfied that he had overlooked the double credit he made a new calculation and arrived at the result set out in the second report. This was a change of judgment based on evidence which he had overlooked. By the agreement he was made an arbitrator whose finding, within the scope of his inquiry, was final and conclusive. After having delivered his report he could not at the instance of one of the parties and without the assent of the other reconsider his finding and make a new one for the reason that he had overlooked something in the accounts. If he could do it for the reason that he had overlooked items of the evidence, why could he not for the reason that he had given undue weight to testimony, or been deceived by witnesses, or had pursued a wrong plan in seeking facts, or had erred in the inferences drawn from them?

While in some instances the action of an arbitrator in correcting a clear error appearing on the face of his finding has been sustained, the general rule undoubtedly is that an arbitrator having once completely exercised his authority by making his award, his power is at an end. He cannot correct mistakes in his award, or alter it to conform to his changed views. The following comprehensive statement of the rule is given in Morse on Arbitration and Award, 226, and is sustained by the most abundant authority: " When the arbitrator or referee has made, or as is said in some cases, has made and published his award or report, as a completed instrument, his power is wholly at an end. He has exhausted his authority. He is thoroughly functus officio. He can do nothing more in regard to the arbitration or subject-matter. He cannot reopen the case, nor make a new or supplemental award or report, nor alter or amend the award already made, nor file additional, explanatory, alterative or amendatory documents. What he has done must stand or fall without further aid or assistance from him. He can neither support nor impeach it." The rule as stated in Russell on Arbitration (7th ed.), 141, is not less

emphatic : " As soon as the award is made the authority of the arbitrator, having once been completely exercised according to the terms of the reference, is at an end.   He is not at liberty after executing the award to exercise a fresh judgment on the case, or generally to alter or amend the award in any particular." A like statement of the rule is given in 2 Am. & Eng. Ency. of Law (2d ed.), p. 698, and in numerous cases there cited in support of it.

. The objection of the defendant to the admission of evidence of the second award was well founded, and should have been sustained ; and he was entitled to the instruction asked for in his point for charge, that under the evidence the verdict must be for the defendant.   The first and second assignments of error are sustained, and the judgment is reversed with a venire facias de novo.