612 A.2d 1071

**Gloria JACKSON and Samuel Colter, Appellants,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued May 12, 1992.

Filed Sept. 9, 1992.

544

Kenneth W. Richmond, Philadelphia, for appellants.

David M. McCormick, Philadelphia, for appellee.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of the Philadelphia Court of Common Pleas entered August 30, 1990. The orders which resulted in this judgment confirmed an order of arbitrators and struck appellant's amended petition to vacate the award of arbitrators. A discussion of the case follows.

The trial court adequately summarized the facts of this case in its opinion.

Plaintiffs Gloria Jackson and Samuel Colter were injured in an automobile accident on November 22, 1985. At the time of the accident, Jackson was driving the car and Colter was a passenger. The vehicle was owned by

Jackson and was insured by the Defendant, Government Employees Insurance Company (GEICO). The case proceeded before an Arbitration Panel which included Donald J. Klein, Esquire, John J. Coffey, Esquire and Ronald Segal, Esquire. By letter of September 20, 1989, Mr. Klein informed all parties that the panel found in favor of Jackson and Colter in the amount of $25,000 each. The letter also indicated that Mr. Segal dissented in the Award. Plaintiffs have petitioned this court to vacate the said Award.

Trial court opinion, D'Alessandro, J., dated August 3, 1990. The trial court by orders dated May 3, 1990, confirmed the award of arbitrators and struck appellants' amended petition to vacate the award of arbitrators.

We begin by noting that the arbitration in this case was governed by the provisions of the Uniform Arbitration Act [hereinafter "Act"]. 42 Pa.C.S.A. Sections 7301–7320 (Purdon's 1981).

Appellants have presented four questions for our consideration. First, appellants argue that the neutral arbitrator's disregard of certain medical testimony constituted a denial of their right to due process of law. Second, appellants argue that they should be allowed to take depositions of the arbitrators to determine the actions of the neutral arbitrator. Third, appellants argue that their amended petition to vacate the award of arbitrators should not have been stricken as untimely. Fourth, appellants argue that because the award of arbitrators did not comply with the requirements of 42 Pa.C.S.A. Section 7310(a), the award was invalid. We take up the case below.

We will first address appellants' fourth argument. Appellants' fourth argument is that because the award of arbitrators did not comply with the requirements of 42 Pa.C.S.A. Section 7310(a), the award was invalid. We agree.

§ 7310. Award of Arbitrators

(a) General rule.—The award of arbitrators *shall be in writing and signed by the arbitrators joining in the*

*award.* The arbitrators shall deliver a copy of the award to each party personally or by registered or certified mail, or as prescribed in the agreement to arbitrate.

42 Pa.C.S.A. Section 7310(a) (Purdon's 1982) (emphasis added).

█ In this case, the award was signed only by one of the arbitrators. This is insufficient in two respects. First, the award does not comply with the mandate of 42 Pa.C.S.A. Section 7310(a). Second, the award does not reflect a majority because it indicates only a single vote in favor of the award. In *Goeller v. Liberty Mutual Insurance*, 523 Pa. 541, 568 A.2d 176 (1990), the Pennsylvania Supreme Court decided this same issue. The court in *Goeller* found that an award of arbitrators that was signed by only a single arbitrator was a nullity. *Goeller*, 523 Pa. at 543–545, 568 A.2d at 177. The question addressed by the Supreme Court in *Goeller* was whether there was an arbitration award in the first place. *Id.* The Supreme Court concluded that due to the failure to comply with the statutory requirement, there was no award under the Act. The Supreme Court further concluded that because the parties agreed to be bound by the Act, there was no award under their agreement. *Id.*

We are bound by the rulings of our Supreme Court. In this case the parties agreed to arbitration under the Act. The failure to comply with the requirements of 42 Pa.C.S.A. Section 7310(a) rendered the award a nullity. The trial court struck appellants' petition to vacate the award based upon the time limitation of 42 Pa.C.S.A. Section 7314(b). The trial court found that appellants' failure to comply with the time limitation for filing a petition to vacate waived appellants' challenge to the validity of the award. The trial court erred in this regard. There was no award entered in this case to vacate. The time limitation of 42 Pa.C.S.A. Section 7314(b), therefore, did not apply. We find it necessary to remand this case with direction that the trial court direct that a proper award be entered.

Appellants' third argument is that the trial court should not have struck their amended petition to vacate the award of arbitrators as untimely. We agree. For the reasons set forth above, we have found that there was no award in this case. The trial court should have directed the entry of a proper award, regardless of the timing of appellants' petition.

Appellants' first and second issues are related in that they deal with appellants' claim that the arbitration was not impartial. Appellants' first argument is that the arbitration was not fair and impartial and, therefore, the award should have been vacated.[1] The trial court did not agree. The trial court found that there was no indication of record that the arbitration was not fair. We agree. Appellants' argument in this regard is based upon statements allegedly made by one of the arbitrators at the arbitration hearing. These statements are not of record in this matter and, accordingly, they will not be considered in this Court's decision.[2] It is not the duty of the court to preserve matters for appellate review. Since appellants have failed to preserve the basis of this argument in the record, appellants are entitled to no relief.

1. We note here that in a case involving arbitration under the Act, the only appropriate inquiry is whether the award of arbitrators was the result of "evident partiality," 42 Pa.C.S.A. Section 7314(a)(1)(ii) (Purdon's 1981), or "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. Section 7341 (Purdon's 1981) (common law arbitration standard made applicable as a basis to vacate a statutory arbitration award by 42 Pa.C.S.A. Section 7314(a)(1)(i) (Purdon's 1981)).

2. We note here that appellants' specific allegations of bias appear to center around allegations of bias on the part of the neutral arbitrator. Appellants raise three broad allegations of bias, none of which are supported in the record. First, appellants argue that the neutral arbitrator did not reveal his past contact with one of the medical experts. Second, appellants argue that the neutral arbitrator summarily dismissed competent medical testimony. Third, appellants argue that the actions of the arbitrator appointed by the defense and the neutral arbitrator effectively excluded appellants' arbitrator from the deliberations. As was stated above, these bald assertions are completely unsupported in the record.

■ Appellants' second issue is that the trial court erred by failing to order depositions of two of the arbitrators, which depositions would allegedly support appellants' contentions that the arbitration was not fair and impartial. Initially we note that appellants had the duty under Pa. R.Civ.P. 209 to proceed with depositions on any disputed issues of fact or face the possibility that after hearing and the issuance of a rule absolute, the matter would be decided on the basis of the petition and answer. In this case appellants chose to file a petition requesting leave of court to depose two of the arbitrators. The trial court denied the petition for leave to depose the arbitrators. The trial court's reason for denying the petition was that the depositions would be an improper invasion of the process of deliberation. The real issue here is whether an arbitrator's affidavit or testimony can be used to attack an award of arbitrators.

The general rule is that an arbitrator's affidavit or testimony cannot be used to impeach an award of arbitrators. Annotation, Admissibility of Affidavit or Testimony of Arbitrator to Impeach or Explain Award, 80 A.L.R.3d 155 Sections 2(a), 3, 4, 5 (1977). Our research has revealed no caselaw in this Commonwealth directly answering whether a party can take the deposition or affidavit of an arbitrator in order to impeach an award of arbitrators. The general rule that an arbitrator's testimony cannot be used to impeach the award is expressed in *Patriotic Order v. Hartford Insurance*, 305 Pa. 107, 157 A. 259 (1931). *Patriotic Order* contains little explanation of the rationale for application of the rule. The one thing that is clear from *Patriotic Order* is that the Supreme Court recognized the confusion and lack of finality that would be introduced by allowing such challenges. We find that this is a sufficient basis for applying the general rule. Arbitration is by its very nature a remedy that can be selected by parties or imposed by law for the purpose of providing an expeditious resolution to a dispute. Allowing challenges to the deliberation process would override all limitations on the review of

arbitration awards. *See* 42 Pa.C.S.A. Sections 7313, 7314, 7315, 7341 (Purdon's 1981). Arbitration would be transformed from a method of dispute resolution into another pretrial formality. This would clearly be inappropriate. We find that because taking the deposition or affidavit of an arbitrator will not lead to the production of admissible evidence, the trial court properly denied appellants' petition for leave of court to depose the arbitrators.

For the reasons set forth above, we reverse and remand in part, and affirm in part. The trial court is specifically ordered to direct the entry of a proper arbitration award.

Judgment reversed and remanded in part, affirmed in part. Jurisdiction relinquished.

KELLY, J., concurs in the result.