Jo Anne MARTINO, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (PECO ENERGY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 9, 2002.
Decided Dec. 17, 2002.

Norman Weinstein, Philadelphia, for petitioner.

Robert W. Elias, King of Prussia, for respondent.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEADBETTER.

This appeal presents the issue of whether employer is entitled under Section 319 of the Workers' Compensation Act,[1] *as amended*, 77 P.S. § 671, to assert its subrogation lien against claimant's entire third-party recovery where there has not been a determination or adjudication regarding the amount of recovery attributable to the spouse's loss of consortium claim. The Workers' Compensation Appeal Board (Board) concluded that employer was entitled to subrogate against the entire third-party recovery and affirmed the grant of employer's suspension petition.

The facts underlying the present appeal are not disputed. While working for PECO Energy in 1987, Jo Ann Martino sustained a work-related injury. Employer accepted liability for the injury pursuant to a notice of compensation payable. As a result of her injury, Martino and her husband commenced a civil action against Facilities Maintenance Co., Inc.; the civil action included a claim by Martino's husband for loss of consortium. The Martinos and Facilities Maintenance entered into an agreement that provided that the action would be submitted to binding high/low arbitration. The high/low parameters were $100,000 and $650,000, thereby assuring an award to the Martinos of at least $100,000. The arbitrator did not have any knowledge of the terms of this agreement. Following a hearing, the arbitrator entered an award in May of 1996 in favor of Facilities Management and against the Martinos. Although the arbitrator did not award the Martinos any damages, they

were entitled to $100,000 pursuant to their agreement with Facilities Management.

Subsequently, the Martinos' attorney contacted the arbitrator and requested that he "attempt to divide the damages to be assessed against Defendant Facilities Maintenance, Inc. per the high/low agreement and allot a portion towards the lack of consortium claim." *See* Stipulation of Facts, R.R. at 14a. The arbitrator replied as follows:

> While it is difficult to accurately divide the damages to be assessed against a defendant as compensatory damages as opposed to damages assessed with a spouse's loss of consortium claim, had liability been found, it would have been to [sic] reasonable to attribute 50% of the damages to the consortium claim and 50% to the compensatory damages.

*Id.* Thereafter, employer sought to assert its subrogation lien against the entire $100,000 third-party recovery.[2] According to employer's petition to suspend benefits, Martino opposed employer's claim to the entire $100,000, contending that employer was not entitled to subrogate against that portion of the award compensating her husband for the loss of consortium. Citing *Darr Construction Co. v. Workmen's Compensation Appeal Board*, 552 Pa. 400, 715 A.2d 1075 (1998), the Workers' Compensation Judge concluded that employer was entitled to subrogate on the entire award and granted employer's suspension petition. The Board affirmed and the present appeal followed.

It is now well settled that an employer does not have a subrogation in-

---

1. Act of June 2, 1915, P.L. 736. Section 319 provides:

   Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his de-

pendents, against such third party to the extent of the compensation payable under this article by the employer....

2. Employer's lien was in excess of $420,400.00.

terest in a spouse's recovery for loss of consortium. *Darr*; *Dasconio v. Workmen's Comp. Appeal Bd. (Aeronca, Inc.)*, 126 Pa.Cmwlth.206, 559 A.2d 92 (1989). It is also well established that the workers' compensation authorities lack authority to determine the amount or value of a third-party recovery that is attributable to the loss of consortium claim. *Darr*, 552 Pa. at 410–11, 715 A.2d at 1081; *Warner Lambert Co., Inc. v. Workmen's Comp. Appeal Bd. (Brown)*, 133 Pa.Cmwlth.250, 575 A.2d 956, 959 (1990); *Dasconio*, 559 A.2d at 99–100. Consequently, unless the third-party action results in an adjudication or settlement[3] determining the amount of the consortium damages, the full amount is subrogable under Section 319. *See Pendleton v. Workmen's Comp. Appeal Bd. (Congoleum Corp.)*, 155 Pa.Cmwlth. 440, 625 A.2d 187 (1993) (entire third-party recovery subject to subrogation where only evidence of apportionment to loss of consortium claim is letter by claimant's counsel that $100,000 of the settlement was allocated for loss of consortium); *Warner Lambert*, 575 A.2d at 959 (entire third-party settlement, which consisted of payment of a single lump sum, subject to subrogation because "no jury verdict or other cognizable ruling ... fixing the amounts payable [to claimant and her husband, if any]"); *Dasconio* (entire third party settlement subject to subrogation where third party made single lump sum payment to claimant and his wife jointly). *Cf. Darr* (spouses' recoveries for loss of consortium cause of action not subject to subrogation because spouses signed separate settlement agreements and received separate payments for their recoveries). As the Supreme Court observed in *Darr*, the cases where the employer was entitled to subrogate on the entire recovery due to the lack of a specific allocation to the spouse "suggest that because there is no authority for a workers' compensation official to determine the amount attributable to the loss of consortium recovery, the entire third party recovery must be subject to subrogation." 552 Pa. at 410, 715 A.2d at 1081.

Here, Martino argues that the Board erred in holding that the entire recovery was subject to subrogation because the arbitrator allocated 50% of the settlement to her husband for loss of consortium. We disagree. The underlying arbitration of the third party action resulted in an award in favor of Facilities Management on the grounds that Facilities Management was not liable for Martino's injury. As a result, the arbitrator never determined nor awarded damages to Martino for her injuries, nor to her husband for his alleged loss of consortium. The subsequent letter by the arbitrator after the close of the case can in no way be characterized as an adjudication or determination; it is merely speculation as to how he might have divided an award had there been one.

■ Nor do we believe that the arbitrator had any authority after entering his final award to comment on or explain how damages might have been allocated. Following the entry of an award, the arbitrator is *"functus officio,"* or without any further official authority with respect to

---

3. In *Thompson v. Workers' Compensation Appeal Board (USF & G Co.)*, 801 A.2d 635, 638 (Pa.Cmwlth.2002) (on remand), we noted that although our Supreme Court in *Darr* appeared to hold that no subrogation right may be asserted against a spouse's recovery for loss of consortium, even under circumstances suggesting abuse, *i.e.*, that a settlement alloca-

tion was made for the purpose of subverting the employer's otherwise absolute subrogation rights, the *Thompson* court appeared to retreat from such an absolute rule. *Thompson v. Workers' Comp. Appeal Bd. (USF & G Co.)*, 566 Pa. 420, 434, 781 A.2d 1146, 1155 (2001). The circumstances of this case suggest no such bad faith, however.

the case. In *Hartley v. Henderson*, 189 Pa. 277, 42 A. 198 (1899), our Supreme Court expanded upon this premise:

[T]he general rule undoubtedly is that, an arbitrator having once completely exercised his authority by making his award, his power is at an end. He cannot correct mistakes in his award, or alter it to conform to his changed views. The following comprehensive statement of the rule is given in Morse on Arbitration and Award [ ] and is sustained by the most abundant authority: "When the arbitrator or referee has made, or, as is said in some cases, has made and published, his award or report, as a completed instrument, his power is wholly at an end. He has exhausted his authority. He is thoroughly functus officio. He can do nothing more in regard to the arbitration or subject-matter. He cannot reopen the case, nor make a new or supplemental award or report, nor alter or amend the award already made, nor file additional, explanatory, alternative, or amendatory documents. What he has done must stand or fall without further aid or assistance from him. He can neither support nor impeach it." The rule as stated in Russell on Arbitration [ ] is not less emphatic: "As soon as the award is made, the authority of the arbitrator, having once been completely exercised according to the terms of the reference, is at an end. He is not at liberty, after executing the award, to exercise a fresh judgment on the case, or generally to alter or amend the award in any particular." . . .

*Id.* at 282–83, 42 A. at 199. *Accord La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569 (3rd Cir.1967).

This case is really no different from *Warner Lambert* or *Dasconio* where a single lump sum payment lacking any allocation between the claimant and his/her spouse was made to settle the third-party tort action. In such cases, our decisional law entitles the employer to subrogate against the entire recovery.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 17th day of December, 2002, the order of the Workers' Compensation Appeal Board in the above captioned matter is AFFIRMED.

DISSENTING OPINION BY Senior Judge MIRARCHI.

I respectfully dissent. An employer does not have a subrogation interest in a spouse's recovery for loss of consortium. *Darr Construction Co. v. Workmen's Compensation Appeal Board*, 552 Pa. 400, 715 A.2d 1075 (1998). How then can we condone through our administrative and judicial processes the employer's unlawful seizure of property of a party who is not related to the employer-employee relationship?

Our case law condones this outrage by placing the onus on the spouse and/or the claimant to essentially establish the employer's proper subrogation interests. Subrogation, however, is a right that the *employer* must prove by sufficient evidence. The onus should therefore be on the employer to show the extent of its subrogation rights. The employer may accomplish this by stipulation or agreement with the spouse and/or claimant; by civil declaratory action if necessary; or, as our Supreme Court now suggests, through the workers' compensation proceedings themselves.

In *Thompson v. Workers' Compensation Appeal Board (USF & G Co.)*, 566 Pa. 420, 781 A.2d 1146 (2001), the Supreme Court appears to have abrogated its previous

position that the workers' compensation authorities lack the authority to determine the proper extent of an employer's subrogation interest against a civil settlement or award that includes a spouse's loss of consortium claim. In *Thompson*, the Supreme Court remanded the matter to this Court to determine whether a $300,000 settlement that was structured to "obviously ... defeat the employer's subrogation right," by assigning $200,000 to the claimant's pain and suffering and $100,000 to the spouse's consortium claim, was nevertheless subject to the employer's subrogation right. *Id.* at 424, 781 A.2d at 1149. On remand, we held that we did not have to address any argument regarding the consortium claim as the employer had paid only $105,744.63 in compensation, and therefore subrogation could be met from the claimant's settlement alone. We further held that the claimant's settlement amount was fully subject to subrogation even though it was described as compensating the claimant's pain and suffering only. We therefore affirmed the Board's order awarding subrogation against the civil recovery of the claimant and *vacated* the Board's order awarding subrogation against the civil recovery of the spouse. *Thompson v. Workers' Compensation Appeal Board (USF & G Co.)*, 801 A.2d 635 (Pa.Cmwlth.2002).

We thus must ask the obvious questions: are workers' compensation proceedings available to determine whether the employer's subrogation rights are threatened or damaged by the nature of a settlement that may be designed to thwart those rights, but are unavailable to protect the legitimate property interests of an innocent third party when the employer attempts, through legal process, to unjustifiably seize that property and convert it? Are the workers' compensation proceedings available to allow the employer to attack a settlement made by a third party for loss of consortium based on an allegation that this settlement is an abusive attempt to thwart the employer's subrogation rights, yet are unavailable for, in the first instance, the establishment of the limited extent of those subrogation rights? Is not the issue in both proceedings the proper amount due under the loss of consortium claim?

The majority's opinion supports an employer's unlawful conversion of property belonging to a third party. This we should not countenance. Accordingly, I would reverse the order of the Board.