## Stack v. Karavan Trailers Inc.

*James A. Downey III,* for plaintiff.
*Alan T. Silko,* for defendants.

LAWLER, *J.,* July 30, 2003—Plaintiff David Stack appeals the order of this court dated June 19, 2003, granting defendant Highway Marine's petition to vacate the arbitration award of October 15, 2002, and for entry of judgment. Pursuant to Pa.R.C.P. 1925(b), plaintiff has submitted a concise statement of matters complained of on appeal. This opinion is filed in accordance with Pa.R.C.P. 1925(a).

## BACKGROUND

Plaintiff's lawsuit alleged negligence in the design, manufacture and sale of a boat trailer and a Starcraft utility boat. Defendant Karavan Trailers Inc. manufactured and sold the boat trailer, and defendant Highway Marine Service Inc. and Highway Marine & RV sold the trailer with the boat. Plaintiff alleged that the boat and trailer were not compatible, and as a result plaintiff suffered severe injuries when the boat rotated on the trailer as plaintiff attempted to exit the boat. Plaintiff sought monetary damages for these injuries.

In lieu of a jury trial, the parties agreed to submit to binding high/low arbitration before Thomas B. Rutter, Esquire, through ADR Options Inc. Arbitration agree-

ment and stipulation 7/25/02. The parties agreed that the arbitration would be final, binding, and would be governed by common-law principles. Arbitration agreement and stipulation 7/25/02. Just prior to arbitration, plaintiff and defendant Karavan agreed to a settlement in the amount of $150,000 in exchange for a joint tort-feasors' release. Plaintiff and defendant Highway Marine executed a high/low agreement, which agreed to a low of $50,000 and a high of $1,000,000 prior to the arbitration. The arbitration between plaintiff and defendant Highway Marine took place on October 4, 2002, in front of Arbitrator Rutter. After receiving evidence and testimony from both sides, Arbitrator Rutter signed and issued a final, written arbitration decision and award on October 7, 2002. The initial decision awarded plaintiff the gross sum of $2,500,000 with a total molded award of $1,000,000 as per the agreement of the parties. Arbitrator Rutter's award attributed 25 percent causal negligence to defendant Highway Marine, 50 percent to defendant Karavan, and 25 percent to plaintiff.

This appeal concerns a second, corrected and clarified arbitration decision and award issued by Arbitrator Rutter on October 15, 2002. Following the initial award issued on October 7, 2002, defendant Highway Marine tendered a release in the amount of $625,000 to counsel for plaintiff. Keenan letter 10/10/02. Plaintiff's counsel refused to execute the release. Instead, counsel for plaintiff at the time, S. Richard Klinges III, had his assistant place a call to Michael Carney, president of ADR Options Inc., on October 15, 2002 seeking a clarification of the damages that plaintiff was entitled to. Klinges depo., 1/14/03, pp. 13-14.

Arbitrator Rutter testified that upon receiving the message about Mr. Klinges' concerns, he had the file pulled and reviewed his findings. Rutter depo., 12/16/02, pp. 26-28. Upon reviewing the file, Arbitrator Rutter discovered that the initial arbitration decision and award issued on October 7, 2002 did not reflect his true findings as set forth in his handwritten notes. Apparently when Mr. Carney typed out Arbitrator Rutter's handwritten notes, he had transposed the amounts of liability attributable to each defendant. In essence, Arbitrator Rutter's notes attributed 50 percent causal negligence to defendant Highway Marine and 25 percent causal negligence to defendant Karavan, but the final written award signed by Arbitrator Rutter on October 7, 2002 set forth an opposite finding.

Arbitrator Rutter placed an ex parte call to plaintiff's counsel on October 15, 2002, advising him that the percentages of fault had been incorrectly transcribed. Klinges depo., 1/14/03, pp. 16-17. Arbitrator Rutter admitted that when the initial final award was presented to him for his signature, he did not read the award and compare it with his handwritten findings before signing it. Rutter depo. 12/16/02, p. 40. Pursuant to this conversation, plaintiff's counsel wrote a letter to Arbitrator Rutter, requesting clarification of the award against the defendant.[1] Klinges letter 10/15/02. No mention of the ex parte conversation between Mr. Klinges and Arbitrator Rutter was made in the letter.

---

1. It is not clear whether the October 15, 2002 letter requesting clarification of the award was sent at the request of Arbitrator Rutter, or was submitted independently by plaintiff's counsel. See Klinges depo., 1/14/03, pp. 17-20; and Rutter depo., 12/16/02, p. 28.

On October 15, 2002, Arbitrator Rutter unilaterally amended his final decision and award, issuing a corrected and clarified arbitration award that reflected the findings he made in his handwritten notes. At no time prior to Arbitrator Rutter's issuance of the subsequent award was defendant Highway Marine notified or consulted about the possibility of a mistake in the initial decision. Rutter depo., 12/16/02, pp. 26-28. The only explanation defendant Highway Marine received for the second award was that Mr. Carney, who is not an attorney, second-guessed himself when transcribing Arbitrator Rutter's findings. Carney depo., 12/16/02, pp.13-16.

Defendant Highway Marine filed a petition to vacate the arbitration award of October 15, 2002 and for the entry of judgment on the October 7, 2002 award on November 14, 2002. Upon careful consideration of defendant's petition and plaintiff's response thereto, this court issued an order dated June 19, 2003, granting defendant Highway Marine's petition. The June 19, 2003 order vacated the arbitration award of October 15, 2002, and entered judgment in favor of plaintiff in the amount of $625,000 in accordance with the arbitration decision and award issued by the arbitrator on October 7, 2002. Plaintiff then filed this appeal.

## ISSUES ON APPEAL

The plaintiff's statement of matters complained of on appeal alleges eight points of error. However, the issues on appeal are more accurately and more succinctly stated as follows:

"(1) Whether Arbitrator Rutter had the authority to issue a corrected and clarified arbitration award following a final, written arbitration decision and award.

"(2) Whether this court abused its discretion in vacating the arbitrator's clarified award and entering judgment in accordance with the arbitrator's first final, written arbitration award."

## DISCUSSION

### 1. *Arbitrator Rutter Lacked the Authority To Issue a Second, Clarified Arbitration Award*

Upon considering the merits of the case and issuing a final written arbitration award, Arbitrator Rutter's authority to review or supplement his initial determination ceased. Arbitrator Rutter exceeded his power when he issued the October 15, 2002 corrected and clarified arbitration award, necessitating this court's vacatur and reinstatement of the initial arbitration award of October 7, 2002.

The parties to the instant litigation agreed to submit to binding, common-law arbitration. Arbitration agreement and stipulation 7/25/02. Pursuant to the common-law functus officio doctrine, following the entry of an arbitration award an arbitrator is without any further official authority with respect to the case. *Martino v. W.C.A.B. (Peco Energy),* 813 A.2d 945, 947-48 (Pa. Commw. 2002). Once an arbitrator has considered the merits of the issues put before him and issued an award, he has exhausted his authority. An arbitrator may not subsequently issue a new or supplemental award, amend the award already made, or impeach or support that award in any way. *Id.* at 948, citing *Hartley v. Henderson,* 189 Pa. 277, 42 A. 198 (1899). The purpose behind this rule

is to prevent one who is not a judicial officer and who acts informally from re-examining a final decision, as the potential of outside communication and unilateral influence could affect a new conclusion. *La Vale Plaza Inc. v. R.S. Noonan Inc.* 378 F.2d 569, 572 (3d Cir. 1967). Here, following an October 4, 2002 hearing where both parties were given the opportunity to present evidence, Arbitrator Rutter issued a final arbitration decision and award on October 7, 2002. The October 7, 2002 award clearly set forth the percentages of liability attributable to each party, finding defendant Highway Marine was 25 percent responsible for the injuries plaintiff sustained. This decision was published to the parties, and constituted a binding determination of the issues presented. Under common-law principles, Arbitrator Rutter's authority with regard to the case ended here. When Arbitrator Rutter rendered this final award, his power under the arbitration agreement was exhausted, and unless his subsequent attempts to act under that agreement fell within one of a limited number of narrow exceptions, the October 15, 2002 corrected and clarified arbitration award is null and void. *Colonial Penn Insurance Co. v. The Omaha Indemnity Co.*, 943 F.2d 327, 333 (3d Cir. 1991).

The common-law functus officio doctrine is subject to certain narrow limitations or exceptions where an arbitrator will be permitted to retain jurisdiction to alter an award that has been issued. The limited exceptions to the doctrine are:

"(1) an arbitrator may correct a mistake which is apparent on the face of an award;

"(2) where the award does not adjudicate an issue which has been submitted, then as to that issue the arbitrator has not exhausted his function, and it remains open to him for subsequent determination; and

"(3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, and ambiguity arises which the arbitrator is entitled to clarify." *La Vale Plaza Inc. v. R.S. Noonan Inc*, 378 F.2d 569, 573 (1967).

As Arbitrator Rutter fully considered and ruled upon the merits of the issues as presented, the second exception is not applicable in the instant appeal. However, plaintiff contends that the corrected and clarified arbitration decision and award of October 15, 2002 merely rectified a clerical error that was apparent on the face of the award, and therefore Arbitrator Rutter had the authority to correct it. The exception for mistakes apparent on the face of an award is applied to clerical mistakes or obvious errors in arithmetic computation. *Colonial Penn* at 332. In the instant case, the percentages of liability assessed, without more, does not on its face suggest that a mistake was made. Pursuant to the arbitration agreement, the arbitration award of October 7, 2002 set forth the percentages of causal negligence attributable to each party. The October 7, 2002 award was signed by Arbitrator Rutter and published to the parties as a final determination of the issues presented. Nothing on the face of the October 7, 2002 award suggests that Arbitrator Rutter intended another result, or that a mistake was made.

Plaintiff relies on the deposition testimony of Arbitrator Rutter and Mr. Carney to establish that an obvious clerical error was made in transcribing the initial award.

However, an arbitrator's affidavit or testimony generally may not be used to subsequently impeach an award that has been rendered. *Jackson v. Government Employees Insurance Co.,* 417 Pa. Super. 543, 548, 612 A.2d 1071, 1074 (1992). The court in *Colonial Penn Insurance Co. v. The Omaha Indemnity Co.,* 943 F.2d 327 (1991), warned against extending the limited exception for mistakes apparent on the face of an award to allow consideration of extraneous facts. The court cautioned that such a broad extension of this limitation had the potential to subvert the arbitration process to capricious decisions, as parties could, under the guise of a mistake in fact, seek recourse directly through the arbitrators in an attempt to overturn an adverse award. *Colonial Penn* at 332. The court stressed that the need to regard arbitral awards as final and to protect the arbitrators from outside influence was too strong to permit such a dimunition of the functus officio doctrine. *Id.* at 333.

Here, defendant Highway Marine was prepared to tender a release in the amount of $625,000 to plaintiff pursuant to the arbitration award issued on October 7, 2002. Rather than accept the award as issued, plaintiff's counsel contacted Arbitrator Rutter's office, and Arbitrator Rutter directly, for clarification of the award. As a result of this ex parte communication and Attorney Klinges' subsequent letter, Arbitrator Rutter reassessed the percentages of fault and unilaterally issued the corrected and clarified arbitration award of October 15, 2002. At no time prior to the issuance of the second award was defendant Highway Marine made aware of the communication that was taking place between the arbitrator and plaintiff, or that some aspect of the initial award might

be incorrect. While the mistake may have been obvious to the arbitrator immediately upon re-examination, it was not readily apparent on the face of the initial award or to defendant Highway Marine. Plaintiff may not now submit Arbitrator Rutter's testimony to bolster his contention that a mistake was apparent on the face of the October 7, 2002 award. *Jackson,* 417 Pa. Super. at 548, 612 A.2d at 1074. The inadmissible circumstances leading to the arbitration decision and award of October 15, 2002, as testified to by Arbitrator Rutter and Mr. Carney, are precisely the type of extraneous facts that the court in *Colonial Penn* warned against. Extending the exception for mistakes on the face of an award to allow consideration of this testimony would fly in the face of the policies behind the functus officio doctrine.

Plaintiff next contends that the arbitration award of October 7, 2002 was clearly ambiguous, and therefore this court should have remanded the case to Arbitrator Rutter for further clarification. Where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify. *La Vale Plaza,* at 573. Under this exception to the functus officio doctrine, an ambiguity may be shown on the face of the award, or from objectively attained extraneous facts. *Colonial Penn* at 334. Here, plaintiff contends that the arbitration award of October 7, 2002 was ambiguous in that it stated plaintiff was awarded $1,000,000 pursuant to the agreement of the parties, but found that defendant Highway Marine was liable to plaintiff for 25 percent or $625,000 of the $2,500,000 gross award. There is nothing ambiguous in this determination that would warrant remand for fur-

ther clarification. The October 7, 2002 award clearly sets forth the percentages of liability attributable to each party.

Although the award purports to mold the determination to the high/low agreement reached by the parties, Arbitrator Rutter lacked the authority to alter his initial determination and so mold the award. An arbitrator's authority is restricted to the powers the parties have conferred upon him, and the trial court may examine whether the arbitrator exceeded the scope of that authority. *Boulevard Associates v. The Seltzer Partnership,* 445 Pa. Super. 10, 664 A.2d 983 (1995). The power and authority of arbitrators are limited to the terms of the agreement between parties to the arbitrtion, and they may not exercise authority as to matters not submitted for review by the parties. *Sley System Garages v. Transport Workers Union of America,* 406 Pa. 370, 374, 178 A.2d 560, 561-62 (1962). In the present case, the parties submitted to arbitration the specific issues of causal negligence and resulting damages. The arbitration agreement and stipulation signed by the parties did not grant Arbitrator Rutter the authority to mold his award pursuant to the high/low agreement reached by the parties.[2] Therefore, Arbitrator

---

2. Counsel for defendant Highway Marine testified that he objected to Arbitrator Rutter receiving the high/low agreement of the parties, as it was understood that the parties would apply the terms and mold the award themselves. Keenan depo., 1/14/03, pp. 17-20. While plaintiff's attorney Klinges disputes this, he acknowledges that the parties did not discuss whether Arbitrator Rutter had the authority to mold the award pusuant to the parties' agreement. Klinges depo., 1/14/03, pp. 17-20. The record was not transcribed and the arbitration agreement is silent on this issue. There is nothing to substantiate plaintiff's contention that the parties agreed Arbitrator Rutter had the authority to mold the award. Therefore, the scope of Arbitrator Rutter's

Rutter was limited to solely determining whether defendant Highway Marine was negligent in the sale of an inappropriate trailer for plaintiff's boat, and if so, what percentage of the damages assessed defendant Highway Marine was liable for. Any attempt by Arbitrator Rutter to further mold the award was beyond the scope of his authority, as arbitrators have no inherent authority to impose remedies not called for in the parties' agreement to submit to arbitration. *Philadelphia Federation of Teachers v. School District of Philadelphia*, 684 A.2d 671, 673 (Pa. Commw. 1996), *appeal denied*, 549 Pa. 695, 700 A.2d 445 (1997). However, as noted above, the arbitration agreement did confer the authority to assess the percentages of causal negligence attributable to each party. The award of October 7, 2002 unambiguously states that defendant Highway Marine is 25 percent culpable for the injuries plaintiff sustained, and is a final, written determination of the issues presented to Arbitrator Rutter. Further clarification of this finding was not necessary or warranted in this case.

## 2. *This Court Was Within Its Discretion in Vacating the Clarified Arbitration Award of October 15, 2002 and Entering Judgment for Plaintiff in Accordance With the Arbitration Decision and Award of October 7, 2002*

This court was within its discretion in confirming the award of October 7, 2002 and vacating the October 15,

---

authority must be determined by the terms set forth and agreed upon by the parties in the arbitration agreement and stipulation. *Boulevard, supra.* As nothing in the agreement limited the award to a specific amount, plaintiff's interpretation of the scope of the arbitrator's authority is neither legally nor factually based.

2002 clarified award. Defendant Highway Marine timely appealed the corrected and clarified arbitration decision and award of October 15, 2002 within 30 days pursuant to 42 Pa.C.S. §7342, seeking reinstatement of the October 7, 2002 award. The judicial standard of review for common-law arbitration is very limited, and is governed by 42 Pa.C.S. §7341, which states in pertinent part:

"The award of an arbitrator in a nonjudicial arbitration which is not subject to (statutory arbitration) or [to] a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption, or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. §7341.

Arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. *Prudential Property and Casualty Insurance Co. v. Stein,* 453 Pa. Super. 227, 230, 683 A.2d 683, 684 (1996). Only claims which assert some impropriety in the arbitration process may be the subject of an appeal, to the exclusion of appeals which seek review of the merits. *Snyder v. Cress,* 791 A.2d 1198, 1201 (Pa. Super. 2002). The party appealing an arbitration award bears the burden of establishing both the underlying irregularity and the resulting inequity by "clear, precise and indubitable evidence." *McKenna v. Sosso,* 745 A.2d 1, 4 (Pa. Super. 1999). An irregularity refers to the process employed in reaching the result of the arbitration, not in the result itself, and may appear in the conduct of either the arbitrator or the parties. *Id.*

Here the irregularities in the arbitration process following the initial arbitration award justified this court's order of June 19, 2003. As discussed at length above, Arbitrator Rutter's authority had fully expired following the issuance and transmittal of the October 7, 2002 award. *Colonial Penn, supra.* The functus officio doctrine dictated that the subsequent award be vacated. Furthermore, the irregularities in the arbitration process leading the corrected and clarified arbitration award of October 15, 2002 mandated vacatur of the award. Defendant Highway Marine provided clear, uncontradicted evidence of ex parte communication between plaintiff's counsel and the arbitrator leading to revision of the initial award. In *Government Employees Insurance Co. v. Lane,* 264 Pa. Super. 615, 401 A.2d 765 (1979), the court determined that similar ex parte communication between a party and an arbitrator resulting in the issuance of a second award, rendered the entire arbitration process null and void. *Id.* at 622, 401 A.2d at 767. The court in *Lane* remanded the case for new arbitration proceedings as the original award was ambiguous and required further clarification. *Id.* The communication between Arbitrator Rutter and plaintiff's counsel leading to the issuance of the October 15, 2002 clarified award is no less egregious. This is precisely the type of improper influence and irregularity in the arbitration process that the functus officio doctrine is designed to protect against. *Colonial Penn* at 331-32.

Plaintiff contends that this court erred in failing to remand the awards to the arbitrator for further clarification. However, it should be noted that this court's June 19, 2003 order confirmed the arbitration award of Octo-

ber 7, 2002, while vacating the subsequent October 15, 2002 clarified award. A trial court order confirming a common-law arbitration award will be reversed only for an abuse of discretion or error of law. *Gargano v. Terminix International Co. L.P.,* 784 A.2d 188, 193 (Pa. Super. 2001). Despite the functus officio doctrine, remand to the arbitrator is appropriate to clarify an ambiguous award or to require the arbitrator to address submitted but unresolved issues. *Colonial Penn* at 334. Remand for clarification should be used sparingly and should not permit the arbitrator to reexamine their decision on the merits, as an arbitration award must be upheld even where there have been errors in the determination of factual issues. *Id.* at 334. As discussed above, this court determined that the October 7, 2002 award was not ambiguous. The arbitration agreement and stipulation limited Arbitrator Rutter's scope of authority to a determination of defendant Highway Marine's causal negligence. *Boulevard, supra.* After a full hearing, a final written arbitration decision and award was issued on October 7, 2002 setting forth the percentages of liability attributable to each party in this litigation. Mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to common-law arbitration. *McGrew v. Travelers Indemnity Co.,* 231 Pa. Super. 217, 331 A.2d 668 (1974). Plaintiff may not now seek revision of the terms of the award because he is unsatisfied with the result. As such, remand to allow a reexamination of the award on its merits was improper and unwarranted in the instant case. In applying the above principles, this court exercised its sound discretion in fashioning the June 19, 2003 order vacating the clarified

414

award of October 15, 2002 and entering judgment in favor of the plaintiff in accordance with the October 7, 2002 arbitration award.