Edgar J. Nathan, J.
This is a motion to confirm an award of arbitration. The arbitration was to be had before three arbitrators, the third arbitrator being appointed by the two arbitrators chosen by the respective parties. It is conceded that *1049 pursuant to the contract the decision of any two arbitrators was to be final. Respondents claim that the award is invalid because of the death of the arbitrator chosen by them, after the hearing but before the decision and award.
The facts disclose that the three arbitrators were appointed and a hearing was held before them on July 14, 1957. After hearing the testimony as well as argument of counsel, the hearing was apparently closed and counsel were directed to submit memoranda in support of their claims. Respondents claim however that the arbitrators instructed the accountants for the respective parties to meet for the purpose of clarifying the issues and to submit a report to the arbitrators. Some two months thereafter, on September 16,1957, the arbitrator selected by respondent died. At this time no briefs had yet been filed nor had the accountants filed a report, if in fact they were directed to do so. Petitioners submitted their memorandum and exhibits in support of their claim to the surviving arbitrators on October 16, 1957, whereas respondents stated their refusal to continue with the proceeding and so informed the arbitrators. Despite such notice the arbitrators rendered an award in favor of petitioner against respondent on February 6,1958.
In most instances an award by two arbitrators is binding even though a third withdraws before the award is rendered. This is not so, however, when one of the arbitrators dies after the hearing but before the decision has been made or the award rendered. The deceased arbitrator cannot be deemed to be a mere dissenter, for through his efforts during the deliberations he may be able to persuade one or both surviving arbitrators to come to a different result. This was recognized in Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co. (240 N. Y. 398) where Pound, J. stated: “ All should meet and hear the proofs but the report of two is valid unless the third has been excluded from participation in their deliberations without fault on his part ” (p. 408). Under the circumstances presented here, it is clear that this decision was had and the award rendered without the benefit of the counsel and advice of the deceased arbitrator.
Accordingly, the motion to confirm the award is denied and the parties directed to proceed to arbitration anew, in accordance with the terms of the contract and the previous order of this court.
Settle order accordingly.