Cichanowicz & Callan, New York City, for petitioner, Cia De Navegacion Omsil, S.A.; Victor S. Cichanowicz, New York City, of counsel.

Mendes & Mount, New York City, for respondent, Hugo Neu Corp.; John J. Sullivan, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for Jose Maria Aristrain S. A.; William J. Honan, III, New York City, of counsel.

**In the Matter of an Arbitration between CIA DE NAVEGACION OMSIL, S.A., Owner of the M/V WORLD EXPLORER, Petitioner,**

**and**

**HUGO NEU CORPORATION, as Charterer, Respondent.**

**No. 73 Civ. 1654.**

United States District Court, S. D. New York.

June 4, 1973.

OPINION

FRANKEL, District Judge.

This is one of too many cases where the advantage of speed (among other benefits) sought through the use of arbitrators has not been realized. The underlying dispute having arisen at some earlier time (not precisely specified), the parties proceeded early in 1971 to a fairly standard form of arbitration. The

shipowner named an arbitrator, the charterer named a second, and the two thus chosen agreed upon a third. The panel held an initial meeting on January 18, 1971. Other meetings and evidentiary hearings followed in a leisurely schedule. The hearings were finally concluded in mid-August of 1972. In late January, 1973, with the matter still undecided, the arbitrator appointed by respondent charterer died.

■ The shipowner now petitions under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and particularly under 9 U.S.C. § 5, for appointment of an arbitrator "to fill the vacancy," urging that the individual thus named should proceed with the other two to complete the proceeding so long in progress. Petitioner wishes, understandably, to avoid nullification of the efforts already invested; it argues that the new appointee could bring himself abreast of the others because "[a]ll the evidence and testimony from the hearings would be available to [him] to read so that he may reach a decision on the merits of the dispute or * * * ask for further hearings if he so desires." [1] Respondent argues in opposition that there should be an entirely new panel to start the proceeding all over again. The latter alternative has a sound of waste and "inefficiency." The court concludes, nevertheless, that it is the proper course to follow.

We begin with an arbitration clause that does not address the situation in which the parties find themselves. It may be assumed that either of the solutions now proposed, or some other, would be binding if it had been agreed upon. In the absence of agreement, however, there are weighty objections to having "respondent's arbitrator"—which is, of course, a realistic description of a party's

designee in tripartite arrangements of this nature—join in the deliberations after a series of hearings and meetings have transpired without him. As everyone knows, the party's named arbitrator in this type of tribunal is an amalgam of judge and advocate. Cf. Stef Shipping Corp. v. Norris Grain Co., 209 F.Supp. 249, 253 (S.D.N.Y.1962); Petition of Dover Steamship Co., 143 F.Supp. 738, 741 (S.D.N.Y.1956). He is, or may be, a somewhat interested participant in the panel's hearings and deliberations. His questions to witnesses and counsel, his comments along the way, his observations during interim deliberations may have subtle and possibly decisive impacts upon the end result. Whatever advantages there were, or might have been, in such representation have now been irretrievably lost to respondent. The two remaining arbitrators, "petitioner's" and the neutral, have worked together and been exposed to each other's influence. The results of that may have been good, bad, or nil for respondent. But respondent is unable (as is the court) to know and is unwilling to risk the unknown. It is not fair or fitting to impose the risk, which respondent never agreed to accept, by judicial command.

The loss of time and effort is regrettable, to be sure. But the parties have not evinced a need for swift action. The expense is not disproportionate to the end in view.

The parties are to commence a new arbitration proceeding in accordance with their agreement. The order to be settled hereunder will provide that each party will name an arbitrator within ten days and that the third arbitrator is to be named within ten days thereafter.

■ Settle a final order.[2]

---

1. Reply Brief 2–3.

2. Petitioner asks the court to retain jurisdiction to enforce any award ultimately made in arbitration. There is no sound reason for cluttering the court's docket in that fashion. Most awards are obeyed without lawsuits. It is not to be assumed that this one will deviate from the usual route. If the hope for normalcy is defeated, a new proceeding may be commenced in the usual, expeditious mode. See 9 U.S.C. § 9.