Paul SZUTS, Magda Szuts,
Plaintiffs–Appellees,

v.

DEAN WITTER REYNOLDS, INC.,
Defendant–Appellant.

No. 90–3523.

United States Court of Appeals,
Eleventh Circuit.

May 20, 1991.

Peter J. Aldrich, Broome, Kelley & Aldrich, P.A., Glenn D. Kelley, West Palm Beach, Fla., for defendant-appellant.

Robert Dyer, Duckworth, Allen, Dyer & Doppelt, P.A., Neal J. Blaher, Orlando, Fla., for plaintiffs-appellees.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and DYER, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This appeal by Dean Witter Reynolds, Inc. ("Dean Witter") from the district court's confirmation of an arbitration award rendered in favor of Paul and Magda Szuts ("Szuts") presents the following question: whether an award made by two arbitrators following the disqualification and removal of a third arbitrator—before the arbitrators had heard all of the evidence and had had the opportunity to confer on the outcome of the arbitration—can be judicially confirmed when the parties' arbitration agreement provided that "[a]ny arbitration hereunder shall be before at least three arbitrators," and when Dean Witter objected to going forward with the two remaining arbitrators. Because arbitration is a creature of contract, the answer is "no." The arbitration agreement's incorporation by reference of the Securities Arbitration Rules of the American Arbitration Association (the "AAA") does not change this answer. Thus, we reverse the district court's confirmation of the award, vacate the award, and remand for new arbitration proceedings.[1]

---

1. We do not reach the other issues raised by Dean Witter—that the arbitration proceeding violated AAA Securities Arbitration Rule 13; that

it was improper for the two remaining arbitrators to go forward with the arbitration after the third arbitrator was removed by the AAA amid

■ Under the Federal Arbitration Act, 9 U.S.C.A. §§ 1–16, a district court with jurisdiction over an arbitration award must confirm the award when asked to do so; the court's authority to vacate or to modify the arbitration award is limited. *See* 9 U.S.C.A. §§ 10, 11. A federal court can vacate an arbitration award in a case "[w]here the arbitrators exceeded their powers." 9 U.S.C.A. § 10(d); *see also Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir.1979). The power and authority of the arbitrators in an arbitration proceeding is dependent on the provisions of the arbitration agreement under which the arbitrators were appointed.[2]

■ We think the provision of the arbitration agreement that "[a]ny arbitration hereunder shall be before at least three arbitrators" means what it says: any contract-related controversy between Szuts and Dean Witter must be arbitrated by no less than three arbitrators. The provision requires that at least three arbitrators participate in the arbitration by hearing all the evidence presented by the parties; by hearing the arguments presented by the parties; and by participating in the consultation and deliberation among the arbitrators on the decision of the controversy. These things did not happen here. The going forward of two arbitrators after a third arbitrator was removed from the panel thus violated the provision of the arbitration agreement that "[a]ny arbitration ... shall be before at least three arbitrators."[3]

■ We are not persuaded by Szuts's argument that AAA Securities Arbitration Rule 20 worked a modification in the arbitration agreement, permitting the arbitration to go forward without a replacement of the removed arbitrator. Rule 20 provides, in part, that "[i]n event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise." Szuts argues—based on the present tense of "agree otherwise"—that, because they did not agree otherwise at the time the vacancy in the panel occurred, it was proper for the arbitration to go forward with the two remaining arbitrators. We disagree. First, all of the Rules are in the present tense; thus, no conclusions should be drawn from the fact that "agree" is in the present tense. An at least equally valid interpretation of this clause is that the parties can "agree otherwise" in their arbitration agreement—as the parties did in this case.[4]

In addition, because arbitration is a creature of contract, the parties, when incorporating any set of arbitration rules by reference in an arbitration agreement, are free to include provisions in conflict with certain provisions of rules incorporated by refer-

---

allegations of corruption and bias because the disqualification tainted the rest of the panel; and that Dean Witter's allegations of corruption and bias on the part of the panel as a whole require the district court to conduct an evidentiary hearing—because we remand for new arbitration proceedings on the basis of the contractual requirement of three arbitrators.

2. *See Coast Trading Co. v. Pacific Molasses Co.*, 681 F.2d 1195, 1198 (9th Cir.1982) (authority of arbitration panel comes from purchase agreement and contract for arbitration); *Fils et Cables D'acier de Lens v. Midland Metals Corp.*, 584 F.Supp. 240, 244, 245 (S.D.N.Y.1984); *Aamot v. Eneboe*, 352 N.W.2d 647, 649 (S.D.1984) ("the arbitrators' powers are derived from the arbitration agreement"); *see also Domke Comm. Arbitration* § 33:02 (Rev.Ed., Wilner).

3. This is so despite the fact that the agreement authorizes the majority to render an award. *See Jones v. St. Louis–San Francisco Ry. Co.*, 728 F.2d 257 (6th Cir.1984); *Western Canada Steamship Co. v. Cia de Nav. San Leonardo*, 105 F.Supp. 452 (S.D.N.Y.1952); *Goeller v. Liberty Mutual Ins. Co.*, 523 Pa. 541, 568 A.2d 176 (1990); *Fromer Foods, Inc. v. Edelstein Foods, Inc.*, 14 Misc.2d 1048, 181 N.Y.S.2d 352 (Sup.Ct. 1958). These cases indicate that even if a majority of an arbitration panel has the authority to render a valid award, they can do so only after all arbitrators have heard the evidence and have had the opportunity to consult with each other on the outcome of the arbitration. *See also Domke* §§ 24:01, 24:02, 29:02.

4. *Cf. Board of County Comm'rs ex rel. Board of Trustees v. Central Air Conditioning Co.*, 235 Kan. 977, 683 P.2d 1282, 1284 (1984) (applying provision of AAA Construction Industry Arbitration Rules virtually identical to Rule 20 to original arbitration agreement).

ence; the specific provisions in the arbitration agreement take precedence and the arbitration rules are incorporated only to the extent that they do not conflict with the express provisions of the arbitration agreement. This principle is recognized in the AAA Rules. Rule 1 provides that

> [t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the [AAA] or under its Securities Arbitration Rules.... The parties, by written agreement, may vary the procedures set forth in these rules.

In this case, Dean Witter and Szuts adopted an arbitration agreement that, while incorporating by reference the AAA Rules, also required arbitration before a panel of at least three arbitrators. We, thus, conclude that "the parties agree[d] otherwise," thus prohibiting the application of the going-forward provision of Rule 20.

Because the arbitrators violated the provisions of the arbitration agreement requiring arbitration before at least three arbitrators, they exceeded their authority under the arbitration agreement. So, we vacate the award of the panel, *see Totem Marine Tug & Barge, Inc.*, 607 F.2d at 651, and remand for new arbitration proceedings before a panel of three new arbitrators.

Confirmation of arbitration award REVERSED; arbitration award VACATED; case REMANDED for new arbitration proceedings pursuant to arbitration agreement.