960 A.2d 774 (2008)
404 N.J. Super. 96
The BIBER PARTNERSHIP, P.C., Plaintiff-Appellant,
v.
DIAMOND HILL JOINT VENTURE, LLC and McManus Design Group, Inc., Defendants-Respondents.
DOCKET NO. A-1766-07T1.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 2008.
Decided December 10, 2008.
Richard L. Zucker, Roseland, argued the cause for appellant (Lasser Hochman, L.L.C., attorneys; Mr. Zucker and Bruce H. Snyder, on the briefs).
Fred R. Gruen, Union, argued the cause for respondent Diamond Hill Joint Venture, LLC (Gruen & Goldstein, attorneys; Mr. Gruen, on the brief).
Walter F. Kawalec, III, Cherry Hill, argued the cause for respondent McManus Design Group, Inc. (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; Mr. Kawalec, on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
In 2003, the Legislature enacted a modified version of the Uniform Arbitration Act of 2000 recommended by the National Conference of Commissioners on Uniform State Laws. L. 2003, c. 95 (codified at N.J.S.A. 2A:23B-1 to-32). One section of this new law provides the first statutory authorization in New Jersey for *775 consolidation of separate arbitration proceedings. N.J.S.A. 2A:23B-10. This appeal provides the first occasion for us to interpret that section.
Plaintiff Biber Partnership is an architectural firm. Defendant McManus Group is a structural engineering firm. Biber contracted with McManus to act as structural engineering consultant in connection with four construction projects for which Biber was the architect. The contract between Biber and McManus did not contain any provision for arbitration of disputes.
One of the construction projects for which Biber provided architectural services involved additions and alterations to a building in Berkeley Heights owned by defendant Diamond Hill Joint Venture. The contract Biber entered into with Diamond Hill contained a provision for arbitration of disputes. This provision stated that any such arbitration would be conducted before a panel of three arbitrators and would be governed by the Construction Industry Arbitration Rules of the American Arbitration Association.
At some point in 2005, Diamond Hill terminated Biber's services as the architect on its construction project. Disputes then arose between Biber and McManus regarding Biber's payments for McManus' services, and McManus filed construction lien claims in September 2005 on three projects for which it had provided structural engineering services. In November 2005, Biber filed an action in the Law Division seeking discharge of the construction lien claims and other relief against McManus.
In January 2006, Biber and McManus entered into a settlement agreement under which the parties agreed to submit their disputes to arbitration. This agreement specified that the arbitration would be conducted before retired Judge John M. Boyle and would be governed by the Construction Industry Arbitration Rules attached to the agreement.
Shortly before entering into this settlement agreement, in December 2005, Biber made a demand for arbitration of its disputes with Diamond Hill in accordance with the arbitration provision of their contract. For the next twenty months, arbitration of the disputes between Biber and McManus before Judge Boyle and arbitration of the disputes between Biber and Diamond Hill before three arbitrators selected by those parties proceeded separately without any attempt to consolidate.
The hearings on the arbitration between Biber and Diamond Hill were scheduled to start on September 10, 2007. However, on that same day, Biber filed this action seeking consolidation of its arbitration proceedings against McManus with its arbitration proceedings against Diamond Hill. Biber proposed that the consolidated arbitration be held before the three arbitrator panel selected under its contract with Diamond Hill. Both McManus and Diamond Hill opposed the consolidation. As a result of the filing of this action, the scheduled hearing in the arbitration proceeding between Biber and Diamond Hill was adjourned.
The trial court rejected Biber's application for consolidation, stating in the course of its oral opinion:
I think what is significant in the consideration of this application is the manner in which McManus comes before the court as a party to arbitration.
....
The consent order in 2006 put McManus in arbitration.... [D]espite the fact that the Diamond Hill arbitration existed at that time there was no request of McManus to not only consent, but to consent to participate in the already existing other arbitration. The terms of *776 their consent are specific. What did they consent to?
... [A] single arbiter, Judge Boyle and their claims specifically with respect to Biber without regard to whatever else might be going on in the Diamond Hill-Biber arbitration.
....
[T]he overwhelming prejudice [that would] be suffered by McManus [by] putting [it] into an arbitration proceeding [it] never agreed to anyway ... far outweighs any prejudice that may be suffered by [Biber in] having to proceed as [it has] been proceeding for the last year and a half in separate forums.
Biber appeals from the order memorializing this ruling. The trial court granted Biber's motion for a stay of both arbitrations pending the outcome of the appeal.[1]
Before enactment of N.J.S.A. 2A:23B-10 as part of the new Uniform Arbitration Act, there was no statutory authorization in New Jersey for consolidation of arbitration proceedings. However, there was some authority for the view that courts have inherent power to order consolidation of arbitration proceedings even in the absence of express statutory authorization. See, e.g., Kalman Floor Co. v. Jos. L. Muscarelle, Inc., 196 N.J.Super. 16, 31-33, 481 A.2d 553 (App.Div.1984), aff'd o.b. 98 N.J. 266, 486 A.2d 334 (1985); Wm. Blanchard Co. v. Beach Concrete Co., 150 N.J.Super. 277, 300-01, 375 A.2d 675 (App.Div.), certif. denied, 75 N.J. 528, 384 A.2d 507 (1977).
In any event, consolidation of separate arbitration proceedings is now authorized by N.J.S.A. 2A:23B-10, which provides:
a. Except as otherwise provided in subsection c. of this section, upon application of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration proceedings as to all or some of the claims if:
(1) there are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person;
(2) the claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;
(3) the existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and

*777 (4) prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights or hardship to parties opposing consolidation.
b. The court may order consolidation of separate arbitration proceedings as to some claims and allow other claims to be resolved in separate arbitration proceedings.
c. The court may not order consolidation of the claims of a party to an agreement to arbitrate if the agreement prohibits consolidation.
The sponsor's statement to the Senate bill enacted as the New Jersey version of the Uniform Arbitration Act states that, except where otherwise noted, "the sponsor of the bill endorses the content of the Uniform Act's Official Comments." S-514, Statement, State of New Jersey 210th Legislature, at 17-19 (2002) (Senate Sponsor's Statement), available at http://www. njleg.state.nj.us/2002/Bills/S1000/514_I1. pdf. Those comments state that section 10 "embodies the fundamental principle of judicial respect for the preservation and enforcement of the terms of agreements to arbitrate." Unif. Arbitration Act, comment 3 on § 10, 7 U.L.A. 39. Consistent with this principle, the official comments state that "[e]ven in the absence of express prohibitions on consolidation, the legitimate expectations of contracting parties may limit the ability of courts to consolidate arbitration proceedings." Ibid.
McManus and Diamond Hill do not dispute that Biber's motion for consolidation satisfied the requirements of N.J.S.A. 2A:23B-10(a)(1), (2) and (3), and the trial court denied Biber's motion based solely on N.J.S.A. 2A:23B-10(a)(4). Therefore, we assume that Biber satisfied the other prerequisites for consolidation under N.J.S.A. 2A:23B-10(a).
Initially, we consider the standard of appellate review of the trial court's decision to deny Biber's application for consolidation. Generally, our review of a decision regarding consolidation is limited to determining whether the trial court abused its discretion. See Union County Improvement Auth. v. Artaki, LLC, 392 N.J.Super. 141, 149, 920 A.2d 125 (App. Div.2007). Deference to a trial court's decision regarding consolidation is especially appropriate when it involves the kind of weighing of the interests of the parties required by N.J.S.A. 2A:23B-10(a)(4)that is, whether the "prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation." Moreover, the introductory language of N.J.S.A. 2A:23B-10, which states that "the court may order consolidation of separate arbitration proceedings" (emphasis added), indicates that this section was intended to confer discretionary authority upon a trial court. This interpretation is confirmed by the official comments to the Uniform Act, which state that this section "gives courts discretion to consolidate separate arbitration proceedings." Unif. Arbitration Act, comment 3 on § 10, 7 U.L.A. 39. Therefore, our role in this appeal is limited to determining whether the trial court abused its discretion in denying Biber's application.
In making this determination, we start with the "prejudice to the rights of" McManus that would result from consolidating its arbitration proceeding with Biber into the pending arbitration proceeding between Biber and Diamond Hill. McManus' contract with Biber did not contain any arbitration provision. McManus only agreed to arbitrate its disputes with Biber as part of a settlement of Biber's Law Division action. Most significantly, this settlement agreement expressly provided that the arbitration would be conducted *778 before a specified single arbitrator, Judge Boyle. However, if Biber's application to consolidate that arbitration proceeding with its pending arbitration proceeding against Diamond Hill had been granted, McManus would have been compelled to arbitrate its disputes with Biber before a three arbitrator panel it played no part in selecting.
The official comments to the Uniform Act expressly recognize that a party's right to select a particular form of arbitration or arbitrator is one of the "rights" a court must consider in the "weigh[ing]" of the parties' interests required by N.J.S.A. 2A:23B-10(a)(4):
Section 10(a)(4) requires courts to consider proof that the potential prejudice resulting from a failure to consolidate is not outweighed by prejudice to the rights of parties to the arbitration proceeding opposing consolidation. Such rights would normally be deemed to include arbitrator selection procedures..., and other express terms of the arbitration agreement.
[Unif. Arbitration Act, comment 3 on § 10, 7 U.L.A. 40 (emphasis added).]
Similarly, although not based on the Uniform Act, a decision of the California Court of Appeal holds that "[c]ourt-ordered consolidation does not achieve substantial justice ... if it substantially alters a party's contractual rights," and that the right to a particular form of arbitration in that case a three-arbitrator panelis a "substantial contractual right" that a party may not be deprived of by consolidation with another arbitration proceeding conducted under a different form of arbitration. Parker v. McCaw, 125 Cal.App.4th 1494, 24 Cal.Rptr.3d 55, 63 (2005); see also Szuts v. Dean Witter Reynolds, Inc., 931 F.2d 830, 831 (11th Cir.1991).
We consider this reasoning persuasive. Therefore, even if Biber had promptly applied for consolidation of its arbitration proceedings with Diamond Hill and McManus, we would conclude that such consolidation was inappropriate because it would substantially alter the terms of the settlement agreement McManus entered into with Biber, which provided for arbitration before a single specifically named arbitrator.
Biber's delay in seeking consolidation is an additional circumstance supporting the denial of that application. N.J.S.A. 2A:23B-10(a)(4) states that "the risk of undue delay" is a circumstance that weighs against ordering consolidation of arbitration proceedings. The official comments to this section of the Uniform Act state that such undue delay, and the consequent hardship to parties opposing consolidation, is a particularly weighty consideration if the arbitration proceedings have reached the hearing stage:
Section 10(a)(4) also requires courts to consider whether the potential prejudice resulting from a failure to consolidate is outweighed by "undue delay" or "hardship to the parties opposing consolidation." Such undue delay or hardship might result where, for example, one or more separate arbitration proceedings have already progressed to the hearing stage by the time the motion for consolidation is made.

[Unif. Arbitration Act, comment 3 on § 10, 7 U.L.A. 40 (emphasis added).]
Biber entered into the settlement agreement providing for arbitration of its dispute with McManus before Judge Boyle approximately twenty months before it sought consolidation of that arbitration proceeding with the Diamond Hill arbitration proceeding. Moreover, the Diamond Hill arbitration was already pending when that settlement agreement was entered into. Consequently, if Biber believed that *779 its disputes with McManus should be heard before the same arbitrators who would be hearing its disputes with Diamond Hill, it could have sought to make such a consolidated arbitration a condition of the settlement.
In addition, Biber became aware, long before it applied for consolidation, of the circumstance it relied upon in seeking that reliefthat Diamond Hill was claiming that McManus' work was defective and therefore Biber would be prejudiced by the risk of inconsistent findings if the two arbitrations were not consolidated. Diamond Hill notified Biber on October 13, 2006, eleven months before this action was brought, that one of its claims was that there were "defects in [Biber's] design," and Diamond Hill served an expert report upon Biber on April 30, 2007, which made it clear that those alleged defects were based at least in part on McManus' work. Nevertheless, Biber waited more than four additional months before filing this action seeking consolidation of the arbitration proceedings. In fact, Biber did not file this action until the very day its arbitration with Diamond Hill was scheduled to begin. We also note that even though no hearings had been scheduled in Biber's arbitration proceeding with McManus at the time this action was filed, discovery had been completed and Judge Boyle had made significant rulings relating to that discovery.
As the previously quoted part of the official comments indicates, a delay in seeking consolidation until an arbitrator has "already progressed to the hearing stage" is a prime example of "undue delay" within the intent of N.J.S.A. 2A:23B-10(a)(4) that strongly militates against consolidation of arbitration proceedings. Unif. Arbitration Act, comment 3 on § 10, 7 U.L.A. 40. Therefore, even if the fact that McManus only agreed to arbitration before a single specifically identified arbitrator did not mandate denial of Biber's application for consolidation, we would conclude that under all the circumstances, including Biber's delay in seeking consolidation, the trial court did not abuse its discretion in denying that application.
Affirmed.
NOTES
[1] We note that the official comments to section 10 of the Uniform Arbitration Act, upon which N.J.S.A. 2A:23B-10 was based, state that "[a] party cannot appeal a lower court decision of an order granting or denying consolidation under Section 28, regarding appeals, because the policy behind Section 28(a)(1) and (2) is not to allow appeals of orders that result in delaying arbitration." Unif. Arbitration Act, comment 5 on § 10, 7 U.L.A. 40 (2000). This comment is presumably based on the omission of an order granting or denying consolidation from section 28 (codified in New Jersey as N.J.S.A. 2A:23B-28), which lists orders entered under the Uniform Arbitration Act from which an appeal may be taken. However, a statute precluding appeals from a category of trial court orders may conflict with the Supreme Court's exclusive authority over the administration and practice and procedure in all courts. N.J. Const. art VI, § 2, par. 3; see Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 (1950); cf. Wein v. Morris, 194 N.J. 364, 379-80, 944 A.2d 642 (2008). Because the parties have assumed that the order denying consolidation is appealable and thus have not briefed the issue, we too assume, without deciding, that such an order is appealable. But even if an order denying consolidation is appealable, the strong policy of the Arbitration Act against delay of arbitration proceedings should ordinarily militate against granting a stay of arbitration pending such an appeal.