981 A.2d 126 (2009)
410 N.J. Super. 253
D.R. HORTON, INC., New Jersey, Plaintiff-Appellant,
v.
J.J. DeLUCA COMPANY, INC., Defendant-Respondent.
DOCKET NO. A-1041-08T2.
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 2009.
Decided October 21, 2009.
*127 Flaster/Greenberg, P.C., Trenton, for appellant (James A. Kozachek, on the brief).
Black & Gerngross, P.C., Philadelphia, PA, for respondent (Frederick J. Gerngross, on the brief).
Before Judges CARCHMAN, PARRILLO and ASHRAFI.
The opinion of the court was delivered by
PARRILLO, J.A.D.
Plaintiff D.R. Horton, Inc., New Jersey, the owner of a condominium community in Cherry Hill, and defendant J.J. DeLuca Company, Inc., a general contractor and construction manager, were parties to a construction contract, in which they agreed to submit claims to arbitration and be bound by the rules of the American Arbitration Association (AAA). By verified complaint and order to show cause, plaintiff sought injunctive relief in the General Equity Part, enjoining defendant from moving before the AAA to consolidate the pending arbitration proceeding on defendant's claim against plaintiff for wrongful termination of contract with a separate but related arbitration proceeding initiated by defendant against its subcontractors for indemnification/contribution arising out of plaintiff's counterclaim for deficient construction. Finding that the New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 to -32, specifically N.J.S.A. 2A:23B-10(c), does not vest exclusive jurisdiction in the courts to decide consolidation motions, Judge Hogan dismissed plaintiff's complaint and allowed the matter to proceed before a neutral arbitrator in accordance with the AAA's procedural rules. These rules, the court found, expressly provide a mechanism, consistent with fundamental fairness, for resolving the issue of whether two or more pending arbitration proceedings should be consolidated.
Plaintiff appeals, and we affirm substantially for the reasons expressed in Judge Hogan's thoughtful and comprehensive opinion, reported at D.R. Horton, Inc., N.J. v. J.J. De luca Company, 410 N.J.Super. 357, 982 A.2d 52 (Ch. Div.2008). We simply add that, contrary to plaintiff's contention on appeal, nothing in Biber Partnership, P.C. v. Diamond Hill Joint Venture LLC, 404 N.J.Super. 96, 101-02, 960 A.2d 774 (App.Div.2008), which reaffirms the discretionary nature of the court's authority in matters involving the consolidation of multiple arbitrations, suggests that such jurisdiction is exclusive to the judiciary.