# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0739
════════════

AMERICO LIFE, INC., AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE
COMPANY, GREAT SOUTHERN LIFE INSURANCE COMPANY, THE OHIO STATE LIFE
INSURANCE COMPANY, AND NATIONAL FARMERS UNION LIFE INSURANCE
COMPANY, PETITIONERS,

v.

ROBERT L. MYER AND STRIDER MARKETING GROUP, INC., RESPONDENTS

════════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════════

JUSTICE JOHNSON, joined by JUSTICE WILLETT, JUSTICE LEHRMANN, and JUSTICE BOYD,
dissenting.

The parties in this case agreed to arbitrate disputes regarding Robert Myer's sale of life

insurance companies to Americo for tens of millions of dollars, and agreed that the arbitration

proceedings would be conducted in accordance with the commercial arbitration rules of the

American Arbitration Association (AAA). When this dispute arose and Myer challenged the first

two arbitrators appointed by Americo, the AAA disqualified them. Americo protested the

disqualification of the first arbitrator it appointed, reserved the right to challenge his disqualification,

eventually named an arbitrator who was not disqualified, and arbitrated. After completion of the

arbitration, Americo sought to have the trial court vacate the award. The court did so on the basis

that the AAA improperly disqualified Americo's first appointed arbitrator, the panel was improperly constituted, and the award was void. The court of appeals reversed and remanded.

The Court holds that the trial court did not err by voiding the arbitration award because in their agreement (the trailer agreement) the parties established the exclusive qualifications and selection method for arbitrators. I agree with the court of appeals that the trailer agreement and provisions of the AAA rules which the parties specifically agreed would govern any arbitration proceedings are unambiguous, can be harmonized, and both can be given effect. Accordingly, the parties should be bound by the arbitrator selection provisions of both, as they agreed.

Myer sold multiple insurance companies to Americo. In 1998 they entered into a trailer agreement containing the following provisions regarding disputes:

> 3.3 Arbitration. In the event of any dispute arising after the date of this Agreement among the parties herein with reference to any transaction contemplated by this Agreement, the same shall be referred to three arbitrators. Americo shall appoint one arbitrator and Myer shall appoint one arbitrator and such two arbitrators to select the third. . . . Each arbitrator shall be a knowledgeable, independent businessperson or professional.
> . . .
> The arbitration proceedings shall be conducted in accordance with the commercial arbitration rules of the American Arbitration Association, except that Americo and Myer each shall be entitled to take discovery as provided under Federal Rules of Civil Procedure Nos. 28 through 36 during a period of 90 days after the final arbitrator is appointed and the arbitrators shall have the power to issue subpoenas, compel discovery, award sanctions and grant injunctive relief. The arbitrators shall be entitled to retain a lawyer to advise them as to legal matters, but such lawyer shall have none of the relationships to Americo or Myer (or any of their Affiliates) that are proscribed above for arbitrators.

Disputes arose, Americo demanded arbitration in 2005, and each party appointed an arbitrator. Myer objected to Ernest Figari, the arbitrator appointed by Americo. In its letter to the

2

AAA about Figari, Myer protested that the parties "have not agreed to the appointment of a non-neutral arbitrator in this proceeding, and [Myer] requires that any arbitrator must qualify as an impartial and independent arbitrator." The AAA disqualified Figari as well as a second Americo appointee. Finally, Americo appointed the arbitrator who served on the panel. That panel eventually rendered a unanimous award for Myer.

The trial court granted Americo's motion to set aside the award because the panel was improperly constituted and the award was void. The court entered findings of fact and conclusions of law, some of which were: (1) the arbitrator selection method in the AAA rules did not apply because the parties agreed on specific procedures and standards for appointing arbitrators; (2) the AAA was required to follow the procedures in the first paragraph of section 3.3 of the trailer agreement and it did not; and (3) the arbitrators were not required to be neutral or meet the "impartial and independent" standard of the AAA rules.

The court of appeals reversed. *Myer v. Americo Life, Inc.*, 371 S.W.3d 537, 542-46 (Tex. App.—Dallas 2012, pet. granted). It held that the trailer agreement was not ambiguous, the AAA rules applied to "proceedings" which included the arbitrator selection process, the arbitrator selection process complied with the trailer agreement and AAA rules that it specified, the applicable AAA rules required impartial arbitrators absent the parties' specific agreement otherwise, the parties did not specifically agree otherwise, and the AAA did not disregard its own rules in disqualifying Figari. *Id.*. I agree with the court of appeals' analyses and conclusions.

I also agree with a great deal of what the Court says, and certainly with the authorities it cites for fairly standard, unremarkable principles of contract interpretation. For example, I agree that the

3

language in the trailer agreement that requires arbitrators to be "independent" cannot be read interchangeably with "impartial." ___ S.W.3d ___, ___. I agree that in determining the intent of parties to an agreement we first and foremost, examine the express language of their agreement. *Id.* at ___ (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011)). I agree that written contracts must be construed to give effect to the parties' intent as they expressed it in the text of the contract, and as the text is understood in light of the facts and circumstances surrounding the contract's execution, subject to the limitations of the parol evidence rule. *Id.* at ___ (citing *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011)). I agree that "[w]hen an arbitration agreement incorporates by reference outside rules, 'the specific provisions in the arbitration agreement take precedence and the arbitration rules are incorporated only to the extent that they do not conflict with the express provisions of the arbitration agreement.'" *Id.* at ___ (quoting *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 832 (11th Cir. 1991)). But I view the Court, in the end, as giving only lip service to those principles and authorities.

The Court says that the parties agreed to an arbitrator selection process and decided what qualifications their arbitrators must possess by specifying that each arbitrator must be a "knowledgeable, independent businessperson or professional." ___ S.W.3d at ___. So far, so good. But it then determines that the parties "spoke comprehensively," by listing the requirements they desired as to arbitrators. While acknowledging the parties also agreed that the AAA rules would govern the proceedings, the Court draws two conclusions with which I disagree. The first is its

response to the court of appeals' conclusion that the AAA rules and the trailer agreement can be read together and harmonized to avoid any irreconcilable conflict. The Court's response is

> In other words, because [as the court of appeals held] impartiality could be added without negating any expressly chosen qualifications, it was proper to do so to effectuate all the agreement's provisions. *But this cannot be the end of our inquiry, or the specifically chosen terms of any agreement would be hopelessly open-ended whenever outside rules are incorporated by reference.*

*Id.* at ___ (emphasis added). The second conclusion with which I disagree is the Court's conclusion that the AAA provisions as to arbitrator impartiality conflict with the parties' specific agreement because of the added impartiality requirement. *Id.* at ___.

As to the Court's concern of "hopelessly open-ended" terms in the agreement, the trailer agreement executed by these sophisticated parties specifies that each appointed arbitrator "shall be a knowledgeable, independent businessperson or professional." But it also provides that the AAA rules apply to the proceedings. At the time the parties entered into the trailer agreement, the 1996 AAA rules were in effect. Those rules specified that

> The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) or under its commercial Arbitration Rules. *These rules and any amendment of them shall apply in the form obtaining at the time the demand for arbitration or submission agreement is received by the AAA.* The parties, by written agreement, may vary the procedures set forth in these rules.

AAA Commercial Arbitration §1 (1996) (emphasis added). That provision is not in the least ambiguous or unclear. The parties could have, but did not, incorporate the 1996 rules into their agreement while excluding any amendments to the rules. Then their agreement would not have been "open-ended" as the Court describes it. Rather, the parties incorporated language specifying that

5

their disputes would be resolved according to whatever AAA rules were in effect when the demand for arbitration was made. The Court's conclusion that the parties could not have meant exactly what they said because the terms of their agreement would "leave those terms open to alteration" is a judicial re-making of the parties' agreement. If the parties to a contract want its terms to be open to alteration, they are entitled to make it so. If they do not, they can make it so. But whichever way they choose should be honored by the courts.

As to the Court's conclusion that there is a conflict between the arbitrator requirements in the trailer agreement and those in the AAA rules, there is no dispute that the 2003 AAA Rules apply. And as the court of appeals explained, the 2003 rules provide that when parties have agreed to each name an arbitrator, the standards of rule R-17 with respect to impartiality and independence will apply unless the parties have "specifically agreed" that the arbitrators are to be non-neutral and do not have to meet such standards. *Myer*, 371 S.W.3d at 543 (citing AAA Commercial Arbitration Rule R-12(b) (2003)). Rule R-17 provides that

> Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for . . . partiality or lack of independence.

AAA Commercial Arbitration Rule R-17(a) (2003). The trailer agreement provides that arbitrators will be knowledgeable, independent businesspeople or professionals. But Americo and Myer did not "specifically agree" that the arbitrators would be non-neutral and need not meet the Rule R-17 standards. Therefore, in addition to the qualifications the parties set out in the first paragraph of section 3.3 of the trailer agreement, the parties also agreed that (1) the AAA arbitration rules in effect at the time arbitration was demanded would apply, and (2) pursuant to the 2003 rules that were in

effect when arbitration was demanded, the arbitrators would be impartial and perform their duties with diligence and good faith.

The Court concludes that the provisions in the trailer agreement and those in Rule R-17 conflict. It reaches that conclusion by *assuming* that the parties listed in their separate agreement all the requirements they desired of their arbitrators. But the trailer agreement language does not support such an assumption. To the contrary, the language of section 3.3 of the trailer agreement demonstrates just the opposite–that when the parties intended to supplant, vary, or circumscribe the provisions of the AAA rules, they knew exactly how to specifically do so:

> The arbitration proceedings shall be conducted in accordance with the commercial arbitration rules of the American Arbitration Association, *except that Americo and Myer each shall be entitled to take discovery as provided under Federal Rules of Civil Procedure Nos. 28 through 36 during a period of 90 days after the final arbitrator is appointed and the arbitrators shall have the power to issue subpoenas, compel discovery, award sanctions and grant injunctive relief....* (emphasis added)

Neither section 3.3 of the trailer agreement listing the arbitrator requirements nor any other part of the trailer agreement includes language addressing, much less specifically providing for, non-neutral arbitrators. And courts should not "rewrite agreements to insert provisions parties could have included." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996).

Further, contracts must be considered in their entirety, with all provisions harmonized, if possible, and all provisions given effect to the extent possible. *FPL Energy, LLC v. TXU Portfolio Mgmt. Co., L.P.*, 426 S.W.3d 59, 63 (Tex. 2014). "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). By assuming the parties included

7

all the arbitrator qualifications they desired in the trailer agreement, the Court confounds the intent of the parties as unambiguously expressed by the words they used in their agreement and the provisions of the AAA rules they incorporated into their agreement. That assumption leads the Court to determine that the trailer agreement and the AAA rules conflict when in reality they can be harmonized as our extensive contract interpretation precedent requires.

In the end the Court misses the mark: the parties' unambiguous agreement and AAA Rule R-17 requiring arbitrator impartiality can be harmonized, and the parties did not expressly agree that the arbitrators could be non-neutral as they were required to do if they intended to negate the applicable AAA rules requiring impartiality. The parties were entitled to make whatever agreement they chose, open to alteration or not. Because the provisions of the trailer agreement and Rule R-17 can be harmonized, the provisions of both can be given effect. The provisions require the arbitrators to be impartial.

I would affirm the judgment of the court of appeals. Because the Court does not, I respectfully dissent.

_____
Phil Johnson
Justice


**OPINION DELIVERED:** June 20, 2014

8