**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1513**
_____

PNGI CHARLES TOWN GAMING, L.L.C.,

                Petitioner - Appellant,

      v.

TINA MAWING; THE CHARLES TOWN HORSEMEN'S BENEVOLENT
PROTECTIVE ASSOCIATION,

                Respondents - Appellees.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:14-cv-00002-JPB)

_____

Submitted:  January 30, 2015        Decided:  March 4, 2015

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Stacey A. Scrivani, STEVENS & LEE, P.C., Reading, Pennsylvania,
for Appellant.  David M. Hammer, HAMMER, FERRETTI & SCHIAVONI,
Martinsburg, West Virginia; Harry P. Waddell, LAW OFFICE OF
HARRY P. WADDELL, Martinsburg, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

PNGI Charles Town Gaming, L.L.C. ("PNGI"), appeals from the district court's order denying its request under the Federal Arbitration Act ("FAA") to vacate an October 2013 arbitral award and confirming the award. We affirm.

"In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the [FAA] or one of certain limited common law grounds." MCI Constructors, LLC v. City Of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010).[1] The grounds for vacating an arbitral award specified in the FAA are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct . . . ; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a) (2012).

---

[1] In the wake of the Supreme Court's decision in Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008), this court has recognized that considerable uncertainty exists "as to the continuing viability of extra-statutory grounds for vacating arbitration awards." Raymond James Fin. Servs., Inc. v. Bishop, 596 F.3d 183, 193 n.13 (4th Cir. 2010). However, as PNGI relies only on grounds specified in the FAA as the basis for overturning the district court's order, any effect of Hall Street is not implicated in this appeal.

A district court's legal rulings on a motion to vacate an arbitral award under the FAA are reviewed de novo, while "[a]ny factual findings made by the district court in affirming such an award are reviewed for clear error." Wachovia Sec., LLC v. Brand, 671 F.3d 472, 478 (4th Cir. 2012) (internal quotation marks omitted). Under the clear error standard of review, we will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Chandia, 675 F.3d 329, 337 (4th Cir. 2012) (internal quotation marks omitted).

"Judicial review of an arbitration award in federal court is substantially circumscribed." Three S Del., Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (internal quotation marks omitted). In fact, "the scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all-the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." MCI Constructors, LLC, 610 F.3d at 857 (internal quotation marks omitted). "A court sits to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." U.S. Postal Serv. v.

Am. Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000) (internal quotation marks omitted).

After review of the record and the parties' briefs, we conclude that PNGI fails to establish reversible error in the district court's confirmation ruling. We reject as without merit PNGI's contention that two of the three arbitrators exceeded their authority in issuing the arbitral award without the participation and input of the third arbitrator. The district court's determination that the parties received the benefit of their bargain to arbitrate before a three-member arbitration panel was premised on a finding that the third arbitrator participated in and signed the award prior to his death from leukemia. While PNGI contends that the third arbitrator's illness prevented him from participating in the arbitration after the date on which billing records for his services cease, there is nothing in the record to suggest "definite[ly]" or "firm[ly]" that the district court's factual findings to the contrary are mistaken. Chandia, 675 F.3d at 337. Consequently, because the third arbitrator participated in and signed the arbitral award prior to his death, the parties received the benefit of their agreement to arbitrate before a

4

three-member panel,[2] and the district court thus did not reversibly err in rejecting PNGI's contention that vacatur of the arbitral award was required because two arbitrators exceeded their powers in issuing the award without the benefit of the third arbitrator's input.

We also reject PNGI's contention that vacatur of the arbitral award is required because it is not a final and definite award. Cases addressing this provision have vacated arbitration awards on this ground only when the arbitrator either failed to resolve an issue presented to him or issued an award that was so unclear and ambiguous that a reviewing court could not engage in meaningful review of the award. Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, 500 F.2d 921, 923 (2d Cir. 1974) (ambiguous award); Galt v. Libbey-Owens-Ford Glass Co., 397 F.2d 439, 442 (7th Cir. 1968) (arbitrators failed to mention a defense presented to them).

---

[2] PNGI's reliance on Szuts v. Dean Witter Reynolds, Inc., 931 F.2d 830 (11th Cir. 1991), and Cia De Navegacion Omsil, S. A. v. Hugo Neu Corp., 359 F. Supp. 898 (S.D.N.Y. 1973), in support of this contention is misplaced. In those cases, an arbitrator died or was disqualified before decisions could be rendered, and the parties did not receive the benefit of their agreement to arbitrate before a three-member arbitration panel. Szuts, 931 F.2d at 830, 832; Cia De Navegacion Omsil, 359 F. Supp. at 899. In this case, by contrast, the third arbitrator died after the issuance of the award and participated in its issuance prior to his death.

Here, however, the arbitrators ruled on the procedural and substantive matters presented to them, found liability by PNGI, found that damages were owed, that a particular rate for damages was warranted, that the claimed loss amount had to be offset by certain ascertainable amounts, directed the parties to calculate damages due in light of such offsets, found that attorney's fees were warranted, directed Appellee Mawing to submit a petition for attorney's fees and costs, and retained jurisdiction—pursuant to rules to which the parties themselves agreed—to resolve future disputes only in the event that the parties disagreed about the calculation of the ordered damages and fees. The award clearly informs the parties of the conduct required of them, and PNGI does not suggest any reason why the offset, attorney's fees, and cost amounts are not easily ascertainable or calculable. We therefore reject as without merit PNGI's contention that vacatur of the arbitral award was required because it was not final and definite. See Smart v. Int'l Bhd. of Elec. Workers, Local 702, 315 F.3d 721, 725-26 (7th Cir. 2002); Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 280 (7th Cir. 1992).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED